**Billie S. HANCOCK, Appellant,**

v.

**SECRETARY OF the DEPARTMENT OF HEALTH, EDUCATION AND WELFARE, Appellee.**

No. 78–1857.

United States Court of Appeals, Eighth Circuit.

Submitted April 19, 1979.

Decided Aug. 8, 1979.

Dick Jarboe, Ponder & Jarboe, Walnut Ridge, Ark., on brief, for appellant.

Natalie R. Dethloff, Atty., Dept. of Health, Ed. and Welfare, Baltimore, Md., for appellee.

Before LAY, HEANEY and McMILLIAN, Circuit Judges.

McMILLIAN, Circuit Judge.

Appellant Billie Sue Hancock appeals from the judgment of the district court granting the motion of the Secretary of HEW for summary judgment on her petition for review of a final decision of the Secretary terminating her disability insurance benefits. For the reasons discussed below, we find there was not sufficient evidence to support the decisions of the administrative law judge (ALJ) and the district court. We reverse.

Appellant was injured at work on January 22, 1971. She was employed as a sewing machine operator at a garment factory, and, while turning to lift a bundle of dresses, experienced back pain. Appellant was hospitalized and examined. She was later readmitted to the hospital and was diagnosed as having a herniated nucleus pulposus, L4–5. She underwent back surgery (laminectomy) in March 1971. Appellant was thirty-six years old at the time of her injury; she is married and has two minor children. She completed the seventh grade and has worked her entire life. Her only other work experience has been farm labor, picking and chopping cotton.

Appellant applied for disability benefits in November 1971, alleging that she was unable to work because of continuing back problems. She was awarded disability benefits but was required to undergo periodic medical examination. In November 1973, after examination by an orthopedic surgeon at the request of the Secretary, the Bureau of Disability Insurance determined that appellant's disability had ceased by that time. Appellant received her final disability payment in January 1974. After the finding of cessation of disability was affirmed upon reconsideration, appellant requested a hearing. A hearing was held in September

1974. Appellant was represented by an attorney and accompanied by her husband, several friends and her pastor. Appellant testified in detail about her back condition and ability to perform various household tasks, as did her husband, friends and pastor. In general appellant stated that she was unable to sit or stand for more than an hour, had to rest in bed after the simplest household task, and was able to take care of the family home only with the assistance of her friends.

Written medical reports from the Secretary's consulting orthopedic surgeon, Dr. James G. McClure, and appellant's personal physician, Dr. Larry E. Mahon, were made available to the ALJ. Dr. Mahon, who has treated appellant over a period of several years and was the orthopedic surgeon who performed her back surgery in 1971, concluded that appellant's condition had not improved; that she should engage in no occupational activities which required strenuous movements of the spine, such as lifting; and that she was capable of only "very light sedentary" types of activity. Dr. McClure, however, concluded that although appellant did have some continuing back problems,[1] she was "capable of a reasonable amount of standing, walking, stooping and bending and at least light lifting" and was "certainly capable of work as a seamstress in a garment factory," her former occupation.

The ALJ determined that appellant's disability benefits had been properly terminated. The Appeals Council approved the decision of the ALJ on July 30, 1975, which became the final decision of the Secretary. Thereafter appellant sought judicial review. The district court upheld the decision terminating disability benefits and this appeal followed.

For reversal appellant argues that the Secretary's decision was unsupported by substantial evidence.

We must uphold the Secretary's decision if it is supported by substantial evidence based upon the record as a whole. 42 U.S.C. § 405(g). Substantial evidence means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971); *e. g., Stephens v. Secretary of HEW,* 603 F.2d 36 at 41, (8th Cir. 1979); *Alexander v. Weinberger,* 536 F.2d 779 (8th Cir. 1976).

In the present case appellant, her husband, friends, and her pastor testified at the hearing before the ALJ about appellant's extremely limited ability to perform ordinary household tasks and her need of prolonged bed rest following minimal activity. Appellant testified that she experienced some pain after such activity and was taking medication daily. Moreover, this testimony was corroborated by the medical report of appellant's personal physician, Dr. Mahon. We note that Dr. Mahon was very familiar with appellant's condition, had performed appellant's back surgery in 1971, and has examined appellant on a regular basis after surgery.

The only evidence to the contrary consisted of the medical report of the consulting orthopedic surgeon, Dr. McClure, that appellant was capable of resuming her former occupation. We believe that it is appropriate to attach relatively little weight to the report of Dr. McClure. It is undisputed that Dr. McClure saw appellant once and the examination was very brief, perhaps twenty or thirty minutes long. In our opinion the report of a consulting physician who examined the claimant once does not constitute "substantial evidence" upon the record as a whole, especially when contradicted by the evaluation of the claimant's treating physician. *See, e. g., Allen v. Weinberger,* 552 F.2d 781, 786 (7th Cir. 1977); *Selig v. Richardson,* 379 F.Supp. 594, 601 (E.D.N.Y. 1974); *cf. Landess v. Weinberger,* 490 F.2d 1187, 1190 (8th Cir. 1974) (no personal examination, consideration of medical case file).

---

1. Dr. McClure's diagnoses was "post-operative removal of lower lumbar disc with nervousness and functional overlay. Constitutional inadequate."

We thus find the final decision of the Secretary terminating appellant's disability benefits to be unsupported by substantial evidence. Appellant is therefore entitled to receive all accrued disability benefits. The Secretary is, of course, free to review appellant's condition in light of any change since the time of the hearing before the ALJ [2] and to continue to periodically reexamine appellant.

Accordingly, the judgment is reversed.

---

2. The latest medical report in the record consists of a letter from Dr. Mahon to appellant's attorney, dated May 21, 1975, stating that appellant was, in the doctor's opinion, unable to return to her former job and was capable of "only light, sedentary work."