**Henry JONES, Plaintiff,**

v.

**Richard S. SCHWEIKER, Secretary of Health and Human Services, Defendant.**

Civ. A. No. CV 80–G–0070–S.

United States District Court,
N. D. Alabama, S. D.

Oct. 23, 1981.

R. Michael Booker, Shores & Booker, Birmingham, Ala., for plaintiff.

Herbert J. Lewis III, Asst. U. S. Atty., Birmingham, Ala., for defendant.

## MEMORANDUM OPINION

GUIN, District Judge.

The plaintiff, Henry Jones, brings this action pursuant to the provisions of Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Secretary of Health and Human Services denying his application for the establishment of a period of disability under Section 216(i) of the Act, for disability insurance benefits, as provided under Section 223 of the Act, 42 U.S.C. §§ 416(i), 423, and for supplemental security income under Title XVI of the Act.

Plaintiff filed an application for a period of disability, disability insurance benefits and supplemental security income on March 2, 1979, alleging disability from July 13, 1978, due to back injuries sustained from the lifting of a fireproof safe as part of his employment. There is no dispute as to the claimant's meeting the special earnings requirement. On November 14, 1979, the administrative law judge found that the plaintiff was not entitled to either a period of disability or disability insurance benefits under Sections 216(i) and 223 respectively of the Social Security Act, as amended, or to supplemental security income under Section 1602 of the Act, as amended. This determination became the final decision of the Secretary of Health and Human Services when it was affirmed by the Appeals Council on January 8, 1980.

Plaintiff filed a complaint in this court on January 23, 1980. On September 29, 1980, this case was remanded with instructions that the Secretary should reexamine the medical evidence to include the findings by Dr. James H. Halsey, Jr. The administrative law judge on March 2, 1981, denied benefits based upon the judge's findings, among others, that (1) the claimant met the special earnings requirements of the Act on the date he alleges to have become disabled and continues to meet the special earnings requirements through the date of the decision; (2) the evidence established that the claimant sustained a herniated disc on June 23, 1978, that the claimant underwent a laminectomy, and by January 1979 the claimant had reached maximum medical recovery and had the residual physical capacity to perform a range of light work; (3) the vocational evidence established the existence of a number of jobs for which the claimant retains the residual capacity to perform; (4) the evidence established the claimant's impairment would prevent a return to his past relevant work; and (5) the evidence failed to substantiate the claim of severe incapacitating pain. This determination became the final decision of the Secretary of Health and Human Services when it was adopted by the Appeals Council on April 24, 1981.

Under Title 42 U.S.C. § 405(g), the court's role in reviewing the Secretary's decision is limited to making a determination whether or not there is substantial evidence in the record as a whole to support the finding of the Secretary that the claimant did not qualify for disability insurance benefits. In this regard, substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion" and it is more than a "scintilla." *Richardson v. Perales,* 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842, 852 (1971); *Ginsburg v. Richardson,* 436 F.2d 1146, 1148 (3d Cir. 1971), *cert. denied* 402 U.S. 976, 91 S.Ct. 1680, 29 L.Ed.2d 142 (1971), *rehearing denied* 403 U.S. 912, 91 S.Ct. 2213, 29 L.Ed.2d 690 (1971). Having carefully reviewed the record, the court is of the opinion that the decision of the Secretary is not supported by substantial evidence. Therefore, it must be reversed.

The claimant has the burden of establishing that he was disabled within the meaning of the Social Security Act. *Demandre v. Califano*, 591 F.2d 1088, 1090 (5th Cir. 1979); *Rhynes v. Califano*, 586 F.2d 388, 389 (5th Cir. 1978). In order to meet this burden, the claimant must prove two things: first, that he has a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months; and second, that the impairment renders him unable to engage in any substantial gainful employment. Title 42 U.S.C. § 416; *Baker v. Gardner*, 362 F.2d 864 (3d Cir. 1966); *Bujnovsky v. Celebrezze*, 343 F.2d 868 (3d Cir. 1965). If a claimant, however, demonstrates that an impairment is so severe that he can no longer perform the kind of work in which he had been engaged previously, the burden shifts to the Secretary to prove the availability of some other kind of substantial gainful employment which the claimant is able to perform. *White v. Harris*, 605 F.2d 867, 869 (5th Cir. 1979); *Hernandez v. Weinberger*, 493 F.2d 1120 (1st Cir. 1974).

The record indicates that the claimant, Henry Jones, is a 35-year-old with an eleventh grade education. Mr. Jones testified that he became disabled due to a back injury received from lifting a fireproof safe as a part of his work as a delivery driver for an office supply company. Subsequently a lumbar laminectomy was performed. Although the medical evidence was conflicting, Dr. James H. Halsey, Jr., Mr. Jones' treating physician, on October 1, 1979, reported his impression of Mr. Jones' condition as "chronic back pain due to incompletely successful lumbar disc surgery" and that Mr. Jones was "disabled to engage in gainful employment" and would probably be permanently disabled. Dr. Halsey observed during a physical capacities evaluation that Mr. Jones could lift during a normal work day ten pounds occasionally or less frequently, that he could stand and walk one-half hour during a normal work day, and that he could not sit and work as much as six out of eight hours. Dr. Halsey further observed that Mr. Jones was limited in the following areas: climbing (stairs or ladders) and balancing; bending and/or stooping movements; reaching (including overhead); operating motor vehicles; and working with or around hazardous machinery. On October 22, 1980, Dr. Halsey reported that Mr. Jones was not physically fit to engage in employment and that the prognosis as to recovery was unlikely.

As to Mr. Jones' residual functional capacity to perform substantial gainful employment and diagnosis of Mr. Jones' condition, the medical evidence submitted by his treating physician, Dr. Halsey, is to be given substantial weight. In *Fruge v. Harris*, 631 F.2d 1244 (5th Cir. 1980), the court stated: "Unless there is good cause shown to the contrary, the testimony of the treating physician must be accorded substantial weight." 631 F.2d at 1246. In its original order of remand, this court characterized Dr. James H. Halsey, Jr., as the Chairman of the Department of Neurology at the University of Alabama in Birmingham Medical Center, and as an international authority and expert in his specialty. Dr. Halsey's expert opinions have been accepted as honest and worthy of weight by many courts, including this one, over the years. Dr. Halsey's opinion as the claimant's treating physician is entitled to great weight as it evidences an expert judgment developed from a continuing observation of the claimant's condition for a prolonged period of time.

In *Hancock v. Sec. of Dept. of H. E. W.*, 603 F.2d 739 (8th Cir. 1979), the court distinguished the weight to be given the evidence of a treating physician as opposed to a consulting physician: "[T]he report of a consulting physician who examined the claimant once does not constitute 'substantial evidence' upon the record as a whole, especially when contradicted by the evaluation of the claimant's treating physician." 603 F.2d at 740. Therefore, the opinion of Dr. Halsey, as the claimant's treating physician, is entitled to substantially greater weight than the impressions or the opinion

of a doctor hired by the government, paid by the government, who only saw the claimant once and never treated him. Thus the only substantial evidence supports a finding that the claimant is disabled due to nonexertional impairment of chronic back pain resulting from incompletely successful lumbar disc surgery that renders Mr. Jones physically unfit to engage in employment with a prognosis as to recovery being unlikely.

During the initial hearing before the administrative law judge on October 2, 1979, the vocational expert testimony offered responded to a hypothetical based upon the following: a limitation as to lifting and carrying of 20 pounds occasionally and 10 pounds frequently; a capacity to walk four hours and sit four hours in a working day; and a moderate restriction on bending, stooping and climbing (R. 49–50). Upon the foregoing the expert testified as to the availability of jobs in the local economy which could be performed. In view of the medical evidence presented on remand, in order for the Secretary to meet his burden of proof as to the availability of some type of substantial gainful employment which Mr. Jones was capable of performing, additional vocational expert testimony was required. However, the Secretary relied upon the vocational evidence previously submitted and upon the Social Security Regulations. The administrative law judge on remand determined:

> In accordance with Section 404.1569 and Section 416.969 of the Social Security Regulations and Appendix 2 to Subpart P of the Social Security Regulations No. 4, the claimant is a younger individual with limited education who has performed semi-skilled work (non-transferable). With the capacity to perform light work, Rule 202.18 in Appendix 2 directs a finding of not disabled.

(Supp.R. 159). The Appeals Council upheld this finding on the basis that claimant's impairments impose exertional limitations only. Therefore, it was found that a vocational expert's testimony was not required for a determination applying the appropri-

ate Rule in Appendix 2 of Regulations No. 4 and No. 16. (Supp.R. 144).

In view of this court's finding that the claimant's disability is due to nonexertional impairment as substantiated by the evidence, the Secretary misapplied Appendix 2, Medical-Vocational Guidelines (the "grid" rules), which is designed for the analysis of purely exertional limitations. It is stated in 20 C.F.R. § 404.1513, Subpart P, App. 2 § 200.00(e), that the grid rules are based upon "an impairment which manifests itself by limitations in meeting the strength requirements of jobs." Therefore, it is the opinion of this court that the Secretary did not meet his burden of proof as to substantial gainful employment which Mr. Jones is capable of performing.

Considering the totality of the circumstances in this case, there is no substantial evidence supporting the Secretary's decision, and the final decision of the Secretary is due to be reversed.

It is the opinion of this court that plaintiff, Henry Jones, is entitled to disability insurance benefits retroactive from July 13, 1978. An order in conformity with this opinion will be entered.