**Gregory VAN HORN, Appellant,**

v.

**Margaret M. HECKLER, Secretary, Department of Health and Human Services, Appellee.**

**No. 83–1649.**

United States Court of Appeals, Eighth Circuit.

Submitted Aug. 25, 1983.

Decided Sept. 23, 1983.

Alan J. Nussbaum, P.A., Little Rock, Ark., for appellant.

J. Paul McGrath, Asst. Atty. Gen., Washington, D.C., George W. Proctor, U.S. Atty., Little Rock, Ark., Frank V. Smith, III, Regional Atty., Paul Smith, Asst. Regional Atty., U.S. Dept. of Health and Human Services, Dallas, Tex., for appellee.

Before HEANEY, BRIGHT and McMILLIAN, Circuit Judges.

HEANEY, Circuit Judge.

Gregory Van Horn appeals the district court's order affirming the Secretary of Health and Human Services' (Secretary) decision denying Van Horn Social Security disability insurance benefits and supplemental security income. The sole issue on appeal is whether the Secretary's decision denying disability is supported by substantial evidence. For the reasons set forth below, we reverse, allowing Van Horn disability benefits for the period of August 27, 1979, to September 23, 1980; we remand to permit additional testimony concerning Van Horn's disability status after September 23, 1980.

Van Horn applied for disability benefits under the Social Security Act, 42 U.S.C. § 423 (1976 & Supp. V 1981), on August 27, 1980. He was then twenty-five years old. He alleged in his application that he became disabled as of October 31, 1978, because of mental and motor coordination problems. Van Horn has a history of chronic undifferentiated schizophrenia, a passive aggressive dependent personality, and a probable learning disorder. The record shows that he was hospitalized for an acute schizophrenic episode in May, 1979, and had another psychotic episode in July, 1980.[1] He has lived in a structured, controlled environment since July 14, 1979.

Van Horn's applications were denied by an Administrative Law Judge (ALJ) on July 28, 1981, following an evidentiary hearing on May 15 of that year. His request for review of that decision by the Appeals Council was denied on November 25, 1981. He then filed an action in federal district court for the Eastern District of Arkansas on December 11, 1981, seeking review of the Secretary's final decision. The district court affirmed the Secretary's decision in a memorandum and order dated April 27, 1983. Van Horn then brought this appeal.

■ Persons are considered "disabled" under the Social Security Act if they have an

> inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be

---

1. The ALJ noted in his decision that "the hospitalization records at the state hospital were not sure whether or not this [July, 1980] episode were [sic] drug induced." Decision of ALJ, at 4 (July 28, 1981). An examination of the record indicates that the only question about drugs in this incident was whether Van Horn's physicians had prescribed the wrong dosage of his medication.

expected to last for a continuous period of not less than 12 months.

42 U.S.C. § 423(d)(1)(A) (1976).

Further, this physical or mental impairment must be of such severity that these persons are not only unable to do their previous work but cannot, considering their age, education, and work experience, engage in any kind of substantial gainful work which exists in the national economy. *Id.* at § 423(d)(2)(A). Once claimants show their inability to perform their former job due to their disability, the burden then shifts to the Secretary to prove that they can perform some other kind of substantial gainful activity. *Jackson v. Schweiker,* 696 F.2d 630, 631 n. 1 (8th Cir.1983); *Tucker v. Schweiker,* 689 F.2d 777, 779 (8th Cir.1982); *Tennant v. Schweiker,* 682 F.2d 707, 710 (8th Cir.1982).

Under the Secretary's regulations, a person is disabled if an impairment prevents him or her from doing past relevant work. This involves a determination of the person's residual functional capacity, *see* 20 C.F.R. §§ 404.1545 *et seq.* With mental impairments, the determination of residual functional capacity must include consideration of "ability to understand, to carry out and remember instructions, and to respond appropriately to supervision, co-workers and work pressures in a work setting." *Id.* at § 404.1545(c). In addition, if an individual cannot do his or her past relevant work, then the Secretary considers the person's residual functional capacity and age, education and work experience to determine whether he or she can perform any other work. 20 C.F.R. § 404.1520 (1983).[2]

In this case, the ALJ concluded that Van Horn, while impaired with chronic undifferentiated schizophrenia, a passive aggressive dependent personality, and a probable organic learning disorder, was not prevented from performing his past relevant work as kitchen helper. He also found that Van Horn had the residual functional capacity to perform unskilled entry level work such as

a kitchen helper, except for work which bears "little relationship to data and highly stressful situations."

In support of finding Van Horn capable of performing his past relevant work, the ALJ cited a medical review by physicians of the state agency, other medical reports and response to a supplemental questionnaire by Dr. James McAllister, and Van Horn's testimony at the evidentiary hearing. The district court affirmed that the ALJ's finding was supported by substantial evidence. Our review of the record reveals several legal errors requiring reversal and remand.

First, the review by the state Medical Review Board, conducted in October, 1980, is not in itself substantial evidence in support of the ALJ's finding. This Court generally gives little weight to opinions by a medical review panel which are not based upon personal examination of the claimant. *Hancock v. Secretary of the Department of Health, Education and Welfare,* 603 F.2d 739, 740 (8th Cir.1979); *Landess v. Weinberger,* 490 F.2d 1187, 1190 (8th Cir.1974); *Murphy v. Gardner,* 379 F.2d 1, 4 n. 4 (8th Cir.1967). *See Allen v. Weinberger,* 552 F.2d 781, 786 (7th Cir.1977). Although the Supreme Court has approved of using a medical adviser in disability hearings, the Court's approval concerned advice in the explanation of complex medical problems to the hearing examiner. *Richardson v. Perales,* 402 U.S. 389, 408, 91 S.Ct. 1420, 1430, 28 L.Ed.2d 842 (1971). Here, the state Medical Review Board was simply completing one-page assessment forms, not explaining a complex medical problem to the ALJ.

Second, the ALJ based his decision on one brief questionnaire response by Dr. McAllister, the claimant's examining physician. This questionnaire was not only apparently completed without a personal examination, but also contradicted the doctor's own earlier reports which *were* based on personal examinations. Van Horn offered three medical reports by Dr. McAllister as evidence of his disability. After noting that

---

**2.** For an extensive review of the disability determination process as it relates to chronic mental illness, *see Mental Health Assoc. of*

*Minnesota v. Schweiker,* 554 F.Supp. 157 (D.Minn.1982).

he had seen Van Horn "repeatedly over the last couple of years," Dr. McAllister wrote, on September 5, 1980, that "this young man cannot stand the ordinary stress of competitive work activity," and that

> [h]is schizoid-type personality sets him up for an actual "nervous breakdown" at any time that he is stressed to amount to anything and more particularly in interpersonal relationships. It is, of course, possible, however, that he could continue to work under these sheltered conditions there at the Easter Seal Workshop where there is a structured situation for him, and we have maintained his structured situation here at our Facility when he is in his off-duty hours.

> I feel that this young man is disabled from regular work activity in the competitive work situation and should be entitled to benefits in that regard.

Two other reports by Dr. McAllister, dated September 16, 1980, and September 23, 1980, affirmed the September 5 report.

After the evidentiary hearing, the ALJ contacted Dr. McAllister "for further medical opinion concerning the claimant's ability to do work-related activities." Dr. McAllister then submitted his response to a supplemental questionnaire on May 27, 1981. On the questionnaire, he concluded that Van Horn had a moderate limitation in his ability to respond appropriately to co-workers and customary work pressures.[3] In all other categories, he rated Van Horn's restrictions at "mild" or "none." Dr. McAllister concluded the questionnaire with this comment:

> Diagnosis—Schizoid Pers.—Specific Learning disorder—Withdrawn slightly—*Apathetic, Unmotivated* Seemingly would be content to be "taken care of" for the rest of his life—has more capability than he shows. [Emphasis included.]

■ Obviously, Dr. McAllister changed his mind about Van Horn's disability some time after September, 1980. While there is no indication in the record that Dr. McAllister had seen Van Horn since July, 1980,

nevertheless, the ALJ relied on the doctor's revised prognosis in concluding that the claimant had the residual functional capacity to perform his past relevant work as a kitchen helper. Again, this Court is hesitant to afford substantial weight to a physician's report which is not based upon a personal examination of the claimant. *Hancock v. Secretary of the Department of Health, Education and Welfare, supra,* 603 F.2d at 740. In this case, Dr. McAllister's response to the questionnaire contradicted his own earlier reports which were written after a series of visits with the claimant. Consequently, we cannot conclude that the supplemental questionnaire is substantial evidence in support of the ALJ's decision denying disability.

Further, while Dr. McAllister's response to the supplemental questionnaire did note that the claimant had more capability than he demonstrates, there is no evidence in the record to suggest that Van Horn's structured environment was "of his own choosing," as the ALJ concluded. In fact, Dr. McAllister's reports in September, 1980, all conclude that a structured environment was necessary.

■ To clarify, work in a sheltered workshop is not substantial evidence supporting a denial of disability benefits. *Bailey v. Califano,* 614 F.2d 146, 149 (8th Cir. 1980). Although such work may provide some evidence of an ability to engage in substantial gainful activity, *id.,* it is presumed *not* to be substantial when the claimant's earnings are below $300 per month. 20 C.F.R. § 404.1574(b)(4)(vi) (1983). In our case, Van Horn's Easter Seals workshop activity yielded payments to him of at most $90 per month.

■ Van Horn's testimony at the May 15, 1981, hearing is the only other evidence which the ALJ cited in support of his decision. At the hearing, Van Horn testified that his medicine (thorazine and stelazine) seemed to help him be more relaxed, that he could think more clearly now than he

---

**3.** The "moderate" response category is defined on the questionnaire as an impairment which

seriously affects but does not preclude ability to function.

could in 1979, but that sometimes he confused past and present events. He also testified that he was not sure that he could hold a job similar to the jobs he had in the past. Any inferences to be made from this testimony concern the claimant's condition as of the spring of 1981, and do not in themselves constitute substantial evidence in support of denying disability.

The ALJ thus viewed the question of disability as an all-or-nothing proposition, failing to consider the possibility of an interim, closed period of disability. The Secretary's regulations provide:

> (a) You are entitled to disability benefits beginning with the first month covered by your application in which you meet all the other requirements for entitlement. If a waiting period is required, your benefits cannot begin earlier than the first month following that period.

> (b) Your disability benefits end with the earliest of these months: (1) the month before the month of your death; (2) the month before the month you become 65 years old; or (3) the second month after the month your disability ends, unless continued subject to paragraph (c) of this section.

20 C.F.R. § 404.316 (1983).

 We read these regulations to provide that, for purposes of review, we may divide the benefit claim period considered by the ALJ. *See Cox v. Secretary of Health & Human Services*, 521 F.Supp. 1295, 1298 (E.D.Pa.1981). In support of his application for benefits, Van Horn offered three medical reports by Dr. McAllister. Each of the reports indicated that the claimant was not able to return to his past relevant work—nor handle any other work outside of a structured environment—because of his mental impairments as a schizophrenic. The reports were based on Dr. McAllister's

knowledge of the claimant's condition for the past several years, including a visit in July, 1980. Other than the report by the state Medical Review Board discussed above, this was the only evidence in the record concerning Van Horn's condition from October 31, 1978, to October, 1980. Thus, the only inference from this evidence is that the claimant was disabled from October 31, 1978, to at least September 23, 1980.

Accordingly, we reverse the finding of the district court and the ALJ, and award Van Horn disability benefits for this period. Van Horn's application was filed August 27, 1980. Under 42 U.S.C. § 423(b),[4] we may only award retroactive disability benefits for twelve months prior to the filing of his application, which is August 27, 1979.

We remand to the district court with direction to it to remand to the Secretary with direction to the Secretary to permit the parties to offer additional testimony with respect to Van Horn's disability status after September 23, 1980. In this connection, it may be necessary to depose Dr. McAllister to clarify his position.

Accordingly, the decision of the district court is reversed and the case remanded for a proper determination of the claimant's disability status following September 23, 1980.

---

4. Section 423(b) of 42 U.S.C. provides in pertinent part:

> An individual who would have been entitled to a disability insurance benefit for any month had he filed application therefor before the end of such month shall be entitled to such benefit for such month if such application is filed before the end of the 12th month immediately succeeding such month.