**Steele RICHARDSON, Plaintiff,**

v.

**Margaret M. HECKLER, Secretary of Health & Human Services, Defendant.**

**No. 83–0078–CV–W–1.**

United States District Court, W.D. Missouri, W.D.

Feb. 2, 1984.

H. Kent Desselle, Desselle, White & Allinder, Independence, Mo., for plaintiff.

Robert G. Ulrich, U.S. Atty., Judith M. Strong, F.O. Griffin, Jr., Asst. U.S. Attys., Kansas City, Mo., for defendant.

## MEMORANDUM AND ORDER

JOHN W. OLIVER, Senior District Judge.

### I.

This is a proceeding under Title II of the Social Security Act (Act), 42 U.S.C. § 401 *et seq.*, which pends on cross-motions for summary judgment. This Court must review the final decision of the Secretary of Health and Human Services (Secretary) terminating plaintiff's Social Security benefits. Jurisdiction is exercised pursuant to Section 205(g) of the Act, 42 U.S.C. § 405(g).

Plaintiff (claimant) filed his application to establish a period of disability and to obtain disability insurance benefits as provided under the Act, 42 U.S.C. §§ 416(i) and 423, alleging disability beginning July 13, 1971. The claim was allowed initially and benefits were awarded. Based upon review of medical evidence, the Social Security Administration determined that, as of July 1981, plaintiff's condition no longer prevented him from engaging in substantial gainful activity. After that determination was reconsidered at plaintiff's request and affirmed, a hearing was held on April 20, 1982 at which plaintiff, represented by counsel, testified and a vocational expert appeared. On August 24, 1982, the Administrative Law Judge (ALJ) rendered a decision unfavorable to plaintiff and the Appeals Council modified the ALJ's decision finding plaintiff's disability ceased as of August 13, 1981 rather than July 1981. The modified decision of the ALJ stands as the final decision of the Secretary.

In reviewing the final decision of the Secretary terminating plaintiff's Social Security benefits we must decide whether substantial evidence on the record as a whole supports the Secretary's decision. 42 U.S.C. § 405(g). *Baugus v. Secretary of Health and Human Services,* 717 F.2d 443, 445–46 (8th Cir.1983). In this case it

does not and therefore, for the reasons stated below, the decision of the Secretary shall be reversed.

## II.

The claimant was initially granted disability benefits based on a diagnosis of schizophrenia, paranoid type. At the time of the hearing, plaintiff, a male, was 42 years of age. He has a high school education, has no recent work history but has worked in the past in maintenance and warehouse jobs.

When the termination investigation was commenced in June 1981, the only medical evidence available regarding claimant's condition subsequent to 1973 was a statement by James Tomasella, D.O., dated September 13, 1979. Dr. Tomasella stated that, based on an examination at that time, claimant's condition was stable on medication. The diagnosis was manic depressive, circular type.

At the request of the Secretary, Carleton J. Lindgren, M.D., performed a psychiatric examination of plaintiff. Dr. Lindgren's diagnosis was schizophrenic disorder, paranoid, in remission; narcissistic personality disorder; and history of tension headaches. He also stated that "[i]n my opinion he has no mental impairment so severe he could not return to substantial gainful activity. I feel he could return to low pressure factory work, driving a truck, or other routine work if he is motivated." (Tr. 123–124).

Steven Soper, M.D., treated claimant at Western Missouri Mental Health Center from August 1981 through March 1982. He stated that plaintiff was not immediately capable of returning to past work as a manual laborer, was probably unable to achieve vocational rehabilitation and was likely unable to perform for any significant length of time due to the likelihood of a relapse.

At the hearing a vocational expert appeared but neither the ALJ nor plaintiff's counsel posed a hypothetical question for him to answer. Thus, the ALJ did not have the benefit of any vocational testimony.

## III.

Based upon the evidence, the ALJ made, *inter alia,* these findings:

2. By July 1981, claimant's impairment no longer significantly limited claimant's physical or mental abilities to perform basic work activities.

3. Claimant's impairments have not met or medically equalled any of the impairments listed in Appendix 1, Subpart P of Regulations No. 4 of the Secretary since July 1981.

4. Claimant's impairments have not prevented claimant from performing past relevant work as a janitor or warehouseman since July 1981.

5. Claimant's disability ceased in July 1981.

Those findings are unsupported by substantial evidence and, in fact, the record is so undeveloped that it is incapable of supporting any finding by substantial evidence concerning plaintiff's ability to work. While it is the claimant's burden to establish the existence of a disability, *Johnson v. Califano,* 572 F.2d 186, 178–88 (8th Cir.1978), the ALJ has the duty of developing the facts fully and fairly. *Landess v. Weinberger,* 490 F.2d 1187, 1189 (8th Cir. 1974). This is true even where, as here, plaintiff was represented by counsel. *Thorne v. Califano,* 607 F.2d 218, 219 n. 3 (8th Cir.1979).

In making his findings, the ALJ placed weight on plaintiff's testimony that he could work if given a job. (Tr. 9, 23–4). Those statements are likely the rationalization of a sick individual and cannot constitute substantial evidence, *see Veal v. Califano,* 610 F.2d 495, 498 (8th Cir.1979); at other times during the hearing he stated that he was a pool shark and intended to some day make a lot of money playing pool (Tr. 22); that he was going to be a lawyer (Tr. 22); that he can play the guitar and sing like Elvis Presley (Tr. 34–35); and that there "[a]in't nothing I can't do." (Tr. 35).

A vocational expert was present at the hearing but the ALJ decided not to pose a

hypothetical question to him because: "In view of the nature of the claimant's testimony, I don't believe the testimony of the vocational witness will be pertinent here. I don't believe he has indicated any physical limitations whatsoever. It's just the mental problems that he is alleging disability on...." (Tr. 41). Plaintiff's counsel then posed a question to the vocational expert in an apparent attempt to get a diagnosis:

Q In your position with Crawford Rehabilitation Services, Inc, do you have any occasion to examine and counsel people with various emotional and psychological problems?

A Yes.

Q Have you had an opportunity to observe the claimant here today?

A Yes.

Q Would you have an opinion as to what abnormal psychological problems the claimant may have?

The vocational expert was not qualified to state a diagnosis so counsel withdrew the question but then did not pose any hypothetical question.

■ In this case the testimony of a vocational expert in response to a hypothetical question which would precisely set out plaintiff's psychological and psychiatric impairments would have been very helpful. The ALJ believed that no hypothetical question would be useful because plaintiff did not establish any physical impairments. But a claimant may be disabled under the Act by reason of a medically determinable physical *or mental* impairment, 42 U.S.C. § 423(d)(1)(A), (emphasis ours), and it is proper and necessary to set out any mental impairments in a hypothetical question to a vocational expert. *Camp v. Schweiker*, 643 F.2d 1325, 1331–32 (8th Cir.1981).

■ The ALJ also placed undue weight on the consultative examination performed by Dr. Lingren. While that examination is helpful in making a determination, it alone does not constitute substantial evidence. The consultative report of a physician who only examined the claimant once does not

constitute substantial evidence, especially when the report of the treating physician, Dr. Soper, is contradictory. *Hancock v. Secretary of HEW*, 603 F.2d 739, 740 (8th Cir.1979) (cases cited).

■ We therefore conclude that the ALJ failed to fully and fairly develop the record and that the decision of the Secretary terminating plaintiff's disability benefits is not supported by substantial evidence. Based upon the Eighth Circuit's decision in *Hancock v. Secretary of HEW, supra*, 603 F.2d at 741, the plaintiff is entitled to a reinstatement of disability benefits as of the date of termination. The Secretary may, of course, continue to periodically re-examine plaintiff. But any decision to terminate must be supported by substantial evidence on a record that is fully and fairly developed.

Accordingly, it is

ORDERED (1) that plaintiff's motion for summary judgment should be and is hereby granted. It is further

ORDERED (2) that defendant's motion for summary judgment should be and is hereby denied. It is further

ORDERED (3) that the final decision of the Secretary should be and is hereby reversed and the case is remanded to the Secretary with directions to reinstate plaintiff's disability benefits as of the date of termination.