Brian J. **RATCLIFFE,** Appellant,

v.

Margaret **HECKLER,** Secretary of Health & Human Services of the United States, Appellee.

No. 85–1559.

United States Court of Appeals, Eighth Circuit.

Submitted Dec. 13, 1985.

Decided April 22, 1986.

Jill Nagy and Gerald Pankonin, Lincoln, Neb., for appellant.

Paul J. Johns, Asst. U.S. Atty., Omaha, Neb., for appellee.

Before ROSS, Circuit Judge, BRIGHT, Senior Circuit Judge, and BOWMAN, Circuit Judge.

BOWMAN, Circuit Judge.

Brian Ratcliffe appeals from the District Court decision affirming the denial of his application for disability and supplemental security income benefits by the Secretary of Health and Human Services (Secretary). We reverse and remand this case to the Secretary for further proceedings consistent with this opinion.

In the proceedings below, the Administrative Law Judge (ALJ) properly followed the five-step disability evaluation process listed in 20 C.F.R. § 404.1520. The ALJ found that Ratcliffe had a severe organic personality syndrome, but that it did not, alone or in combination with any other impairments, meet or equal one of the listed impairments in 20 C.F.R., Subpart P, Appendix 1, ¶¶ 12.02–12.04 (mental impairments). The ALJ further found that Ratcliffe had the residual functional capacity to perform his past relevant work as a laundry sorter and that he therefore was not disabled as defined in 42 U.S.C. §§ 423(d), 1382c(a)(3). Record at 21.

The ALJ stated that Ratcliffe is "fully capable of at least routine, repetitive, unskilled, entry-level work activity" that is "limited to those sedentary, light or medium occupations which would not be too stressful." *Id.* at 20. He gave as examples janitorial or maintenance work and Ratcliffe's previous job as a laundry sorter. *Id.* In reaching his decision, the ALJ expressly noted his reliance on the psychiatric and medical reports, the results of a vocational development evaluation report, and the testimony of a vocational expert (VE). *Id.*

In examining the VE, the ALJ propounded a hypothetical question in which he asked the VE to consider and to assume that Ratcliffe suffered from various medical and psychological impairments noted in the evidence. The VE responded that given those impairments Ratcliffe could perform his past relevant work as a laundry sorter as well as other unskilled, entry-level jobs classified as sedentary, light, or

medium that required no training or education. *Id.* at 67–71. But when later asked to consider the testimony of Ratcliffe's brother regarding Ratcliffe's work-related problems in determining whether he could perform his past relevant work, the VE stated "that it would be necessary for [Ratcliffe] to undergo some type of work adjustment where he would relearn certain work behavior where he could be competitively employed." *Id.* at 71–72. The ALJ then asked, "In other words, considering the testimony of [Ratcliffe's] brother, [Ratcliffe] would need vocational rehabilitation before he could engage in substantial gainful activity[?]" The VE responded, "That would be my opinion." *Id.* at 72.

■ The opinion of the VE based on the testimony of Ratcliffe's brother appears to be in direct conflict with his earlier opinion based on the psychological and medical reports and with the ALJ's ultimate conclusion that Ratcliffe had the residual functional capacity to engage in substantial gainful activity—namely, his past relevant work as a laundry sorter. The ALJ made no reference to the apparent inconsistency in the VE's testimony. *Cf. Van Horn v. Heckler,* 717 F.2d 1196, 1199 (8th Cir.1983) (physician's response to questionnaire contradicted his earlier report); *Poe v. Harris,* 644 F.2d 721, 722–23 (8th Cir.1981) (decision not supported by substantial evidence where VE did not testify unequivocally that claimant presently able to perform some type of work). Nor did he make any finding as to the credibility of Ratcliffe's brother's testimony. We are unable to determine from the record whether the ALJ even considered the brother's testimony or the VE's second opinion in making his determination. *Cf. Maounis v. Heckler,* 738 F.2d 1032, 1034 (9th Cir.1984) (ALJ erred in failing to consider VE's opinion, based on claimant's testimony, that claimant could not work where claimant's testimony supported by medical evidence); *Allred v. Heckler,* 729 F.2d 529, 532–33 (8th Cir. 1984) (evidence indicated that claimant could work only after physical and vocational rehabilitation); *Lashley v. Secretary of Health & Human Services,* 708 F.2d 1048, 1054 (6th Cir.1983) ("perceptible weight" must be given to lay testimony where it is fully supported by treating physician's reports). We therefore must remand this case to the Secretary for reconsideration.

■ Since this case is being remanded, we will address two other matters raised on appeal. We have reviewed the entire record, and we find insufficient medical evidence to support Ratcliffe's contention that the ALJ erred in failing to consider the possibility of an impairment resulting from chronic brain syndrome that would meet or equal listing 12.02 in 20 C.F.R., Subpart P, Appendix 1. There were diagnoses of *"possible* organic brain syndrome," but no definite diagnosis of such an impairment was made. Record at 204, 217, 222. On the basis of this record, such a determination would be speculative at best.

■ Finally, we note that although the ALJ referred to the several psychological and vocational reports reaching conclusions opposite to the one he reached as to Ratcliffe's ability to engage in substantial gainful activity, he did not specifically address the question of the weight to be given to those reports or state his reasons for rejecting them. Though we recognize that such reports are not dispositive of the ultimate determination of whether the claimant is disabled, certainly the consistency among them suggests that the reasons for reaching a conclusion contrary to theirs should be stated. *See Fife v. Heckler,* 767 F.2d 1427, 1431 (9th Cir.1985).

Reversed and remanded.