**Wanda L. SMITH, Plaintiff,**

v.

**Louis W. SULLIVAN, M.D., Secretary of Health and Human Services, Defendant.**

**No. CV 86-O-110.**

United States District Court, D. Nebraska.

Oct. 25, 1989.

Vernon R. Daniels, Omaha, Neb., for plaintiff.

Ronald D. Lahners, U.S. Atty., Omaha, Neb., for defendant.

## MEMORANDUM OPINION AND ORDER

CAMBRIDGE, District Judge.

This is an action for review of a final decision of the Secretary of the Department of Health and Human Services denying the plaintiff's applications for disability insurance benefits and supplemental insurance benefits. The matters presently pending before the Court are the findings and recommendations of the magistrate (Filing No. 22), and the objections to such findings and recommendations filed by the plaintiff (Filing No. 23). The magistrate found that the Secretary's decision is supported by substantial evidence, and recommended that his decision be affirmed. This Court has reviewed *de novo* those portions of the magistrate's findings and recommendations to which objection has been made as required by 28 U.S.C. § 636(b)(1)(C) and Local Rule 49(B), and finds that the findings and recommendations should be adopted.

Specifically the plaintiff objects to the magistrate's findings and recommendations in the following respects:

1. The magistrate erred in finding that the ALJ considered the combined effect of the plaintiff's impairments;

2. The magistrate erred in finding that the plaintiff's subjective complaints, as well as the testimony of the plaintiff and her witness, are inconsistent with the record as a whole.

In making a *de novo* determination of the Secretary's decision, this Court must determine whether the Secretary's decision is supported by substantial evidence on the record as a whole. *Turpin v. Bowen*, 813 F.2d 165, 169 (8th Cir.1987). Substantial evidence consists of " 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' " *Hancock v. Secretary of Health, Educ. & Welfare*, 603 F.2d 739, 740 (8th Cir.1979) (quoting *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971).

■ In regard to the first objection, it is a requirement under the 1984 amendments to the Social Security Act that the com-

bined effect of all the plaintiff's physical and mental impairments must be considered without regard to whether any such impairment, if considered separately, would be of such severity to entitle the plaintiff to benefits. 42 U.S.C. § 423(d)(2)(C); *Anderson v. Heckler*, 805 F.2d 801, 805 (8th Cir.1986).

The question to be answered here is whether the ALJ in making his decision considered the combined effect of the plaintiff's impairments.

In his findings the ALJ stated "the medical evidence establishes that the claimant has multiple impairments, but that she does not have an impairment or combination of impairments listed in, or medically equal to one listed in Appendix 1, subpart P, Regulations No. 4." (TR 438). This statement alone does not indicate that the ALJ complied with the statutory requirement that he consider the combined effect of the claimant's impairments. *Anderson v. Heckler, supra* at 805–806. However, this Court concludes that the ALJ in fact considered the combined effect of the plaintiff's impairments. Unlike the circumstances in *Anderson v. Heckler, supra,* where the Court found that the ALJ considered each of the plaintiff's impairments separately and made a determination that the impairment did not constitute a severe impairment, in this case the record reflects that the ALJ considered all of the plaintiff's impairments together. For instance, in his evaluation of the evidence, the ALJ listed all of the impairments which he found to have been established by the medical records, and concluded despite those impairments that the plaintiff could engage in light labor. The ALJ said that he found so despite the evidence of the plaintiff's anxiety disorder (TR 436). The record clearly reflects that the ALJ considered each of the plaintiff's impairments individually *and* ·n combination in making his decision th? .he plaintiff was not entitled to the br ·fits that she had claimed.

Furthermo.e, although the Court agrees with the plaintiff's assertion that her impairments have some impact on her functional capacity, the Court concludes that there is substantial evidence on the record as a whole to support the ALJ's conclusion that the combined effect of the plaintiff's impairments are not of such severity to entitle the plaintiff to benefits.

█ The plaintiff also objects to the magistrate's finding that the plaintiff's subjective complaints as well as the testimony of herself and her witness are inconsistent with the record as a whole.

The magistrate correctly found that in considering whether the plaintiff's subjective complaints pertaining to her physical and mental impairments are inconsistent and out of proportion with the record as a whole, the standard outlined in *Polaski v. Heckler*, 739 F.2d 1320, 1321–22 (8th Cir. 1984) governs. The *Polaski* standard provides:

A claimant has the burden of proving that the disability results from a medically determinable physical or mental impairment. Symptoms such as pain, shortness of breath, weakness, or nervousness are the individual's own perceptions of the effects of a physical or mental impairment(s). Because of their subjective characteristics and the absence of any reliable techniques for measurement, symptoms (especially pain) are difficult to prove, disprove, or quantify …

\* \* \* \* \* \*

While the claimant has the burden of proving that the disability results from a medically determinable physical or mental impairment, direct medical evidence of the cause and effect relationship between the impairment and the degree of claimant's subjective complaints need not be produced. The adjudicator may not disregard a claimant's subjective complaints solely because the objective medical evidence does not fully support them. The absence of an objective medical basis which supports the degree of severity of subjective complaints alleged is just one factor to be considered in evaluating the credibility of the testimony and complaints. The adjudicator must give full consideration to all of the evidence presented relating to subjective complaints, including the claimant's prior

work record, and observations by third parties and treating and examining physicians relating to such matters as: 1) the claimant's daily activities; 2) the duration, frequency and intensity of the pain; 3) precipitating and aggravating factors; 4) dosage, effectiveness and side effects of medication; 5) functional restrictions.

The adjudicator is not free to accept or reject the claimant's subjective complaints *solely* on the basis of personal observations. Subjective complaints may be discounted if there are inconsistencies in the evidence as a whole.

Guided by the *Polaski* standards, the ALJ made express credibility determinations with regard to the plaintiff's and the plaintiff's lay witness' testimony concerning the plaintiff's complaints. After reviewing the medical record and the treating physicians' testimony the ALJ found that although the record supported some of the plaintiff's complaints, the testimony of the plaintiff and her witness was not credible to the extent alleged. In making the determination it must be said that the ALJ considered the factors listed in *Polaski*. The emphasis was put on the absence of an objective medical basis to support the alleged degree of severity of the plaintiff's impairments. There is, however, evidence indicating that the ALJ considered the plaintiff's prior work history, her functional restrictions (TR 436), and the observations of her treating and/or examining physicians on matters concerning daily activities, etc. (TR 433–438).

The Court concludes that there is substantial evidence on the record as a whole to support the ALJ's conclusion that the plaintiff's testimony and the corroborating testimony of her lay witness concerning the plaintiff's subjective complaints is inconsistent with the record as a whole.

For the reasons stated above, the Court finds that the magistrate's findings and recommendations should be adopted in all respects.

IT THEREFORE IS ORDERED:

1. That the findings and recommendations of the magistrate are adopted; and

2. That the decision of the Secretary is affirmed.