**Lavada J. NETTLES, Appellant,**

v.

**Louis W. SULLIVAN, Secretary of Health & Human Services, Appellee.**

**No. 91–2346.**

United States Court of Appeals, Eighth Circuit.

Submitted Jan. 10, 1992.

Decided Feb. 11, 1992.

Frederick S. Spencer, Mountain Home, Ark., for appellant.

Edward H. Funston, Kansas City, Mo., for appellee.

Before ARNOLD, Chief Judge, McMILLIAN, Circuit Judge, and WELLFORD,* Senior Circuit Judge.

WELLFORD, Senior Circuit Judge.

This is a social security case in which the claimant, Lavada Nettles, appeals from the district court's order upholding the Secretary of Health and Human Service's denial of disability insurance benefits. Nettles' claim resulted from a fall which occurred at the Mar–Bax Shirt Company, her former employer, on April 29, 1985. Since that time, the claimant has sought various treatments for the severe back pain she claims to experience. She alleges that she cannot walk normally and suffers numbness in her legs. The claimant also allegedly suffers from persistent headaches and stomach problems.

On October 6, 1986, the claimant filed for disability benefits, stating that she became unable to work as of July 25, 1986. The administrative law judge ("ALJ") considered himself bound by the onset date cited by the claimant and denied benefits because claimant was unable to show that she had not engaged in a "substantial gainful activity" for twelve (12) continuous months, as required by 42 U.S.C. § 423(d)(1)(A). The district court reversed and remanded to the ALJ to consider all relevant factors to determine the correct onset date for the disability claim. The ALJ held a supplemental hearing and found that the proper onset date was May 8, 1985, approximately one week after the claimant's fall at the shirt factory. The ALJ recommended denial of benefits because claimant started working at the Shealy Institute on April 14, 1987, and she had previously worked for about six months at Mar–Bax. The claimant was, therefore, unable to prove that she was incapable of engaging in a "substantial gainful activity" for no less than twelve continuous months.

In 1989, the claimant sought further review, but the Appeals Council denied this request. The claimant then appealed to the district court which upheld the decision of the ALJ and the Secretary concluding that there was substantial evidence in the record to support the findings. Specifically, the district court held that the claimant's job at the Mar–Bax factory between January and July of 1986 constituted a successful work attempt under Social Security Ruling ("SSR") 84–25. Accordingly, the claimant was found to be unable to prove that she had not engaged in a substantial gainful activity for twelve months. The district court also held that the employment at the Shealy Institute was a substantial gainful activity, at least through May 18, 1989.

The claimant now appeals to this court and requests benefits for the closed period from May 1985, through April 1987. She also claims benefits for a second period

* The Honorable Harry W. Wellford, Senior Circuit Judge, United States Court of Appeals for the Sixth Circuit, sitting by designation.

beginning in April 1987, when she became employed by the Shealy Institute, through the date of her hearing when she was still engaged in Shealy Institute employment. Any claim for present or future disability is not before us in this record and our decision to affirm serves as no bar to any such subsequent claim.

We review this matter to determine whether there is substantial evidence in the record as a whole to support the secretary's decision to deny benefits. *Thomas v. Sullivan*, 876 F.2d 666, 669 (8th Cir. 1989).

The relevant regulations provide:

If you are working and the work you are doing is substantial gainful activity, we will find that you are not disabled regardless of your medical condition or your age, education, and work experience.

20 C.F.R. §§ 404.1520(b) and 416.920(b). The definition of disability is the "inability to engage in any substantial gainful activity ... which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). Work will normally be considered a "substantial gainful activity" if "earnings average[ ] more than $300 a month in calender years after 1979 and before 1990." 20 C.F.R. § 404.1574(b)(2). Certain activities, however, which last a short period of time may be considered "unsuccessful work attempts". SSR 84–25. These activities may not count as substantial gainful activities under 42 U.S.C. § 423(d)(1)(A). Social Security Ruling 84–25 provides:

UWA [unsuccessful work attempt] Criteria—Duration and Conditions of Work

. . . .

2. *Work Effort of Between 3 and 6 Months*

If work lasted more than 3 months, it must have ended or have been reduced to the non-SGA [substantial gainful activity] level within 6 months due to the impairment or to the removal of special conditions ... related to the impairment that are essential to the further performance of work and:

a. There must have been frequent absences due to the impairment; or

b. The work must have been unsatisfactory due to the impairment; or

c. The work must have been done during a period of temporary remission of the impairment; or

d. The work must have been done under special conditions.

. . . .

3. *Work Effort of Over 6 Months*

SGA-level work lasting more than 6 months cannot be a UWA regardless of why it ended or was reduced to the non-SGA level.

*Id.*

The claimant maintains that the district court and the Secretary erred by determining that her work for Mar–Bax between January and July, 1986 was a successful work attempt demonstrating her ability to engage in substantial gainful activity. She also alleges that her later position with the Shealy Institute was not a substantial gainful activity because it was a sheltered environment.

## I. WORK AT THE SHEALY INSTITUTE

■ We are persuaded that the Secretary and the district court, under the circumstances, properly relied on the presumption that one who earns more than $300 a month is involved in a substantial gainful activity. Since beginning work at the Shealy Institute, the claimant has averaged over $600 a month in earnings. Claimant has failed to refer us to any authority or facts to suggest deviation from the social security regulations. This case is unlike *Thompson v. Sullivan*, 928 F.2d 276 (8th Cir.1991), in which we held that a man who suffered frequent, violent seizures was not engaged in substantial gainful activity as an aide to a quadriplegic because earnings were charity rather than compensation. The record does not reflect that the Shealy Institute job was charity because it involved "significant physical and mental activity ... done for pay or profit." 20 C.F.R. § 416.973.

The claimant is not entitled to the weaker "negative" presumption discussed in *Iamarino v. Heckler*, 795 F.2d 59 (8th Cir. 1986), because there is little, if any, evidence to support the assertion that the Shealy Institute position was a "sheltered" job. In *Iamarino*, the claimant, who had severe psychiatric problems, worked at a Good Will workshop. In contrast, the claimant in this case, worked at a privately-operated, for-profit medical facility where she counseled patients with back problems, aided the doctors and helped clean the office. The only apparent concessions to the claimant's condition were that she was allowed to lie down from time to time when her back caused undue pain, and she received treatment during work hours. In short, the claimant resumed a substantial gainful activity in April 1987, because she earned more than $300 a month at the Shealy Institute; there are insufficient exceptional circumstances to warrant deviation from the presumption.

## II. WORK AT MAR–BAX

■ The claimant next contends, with regard to her claim for the closed period between May, 1985 and April, 1987, that the position at Mar–Bax was an unsuccessful work attempt within the meaning of SSR 84–25 because she had frequent absences from work. The claimant maintains that during her employment, she missed work three or four days a month as a result of her painful back condition. She attempts to confirm this fact by reference to the income figures cited by the ALJ.

We believe the claimant misreads the record created by the ALJ, who found:

> Although the claimant alleged that she missed work during the six month period of work activity, earnings records indicate that she was earning equal or greater amounts than she did prior to her alleged onset of disability in the months March through June 1986. Since she was paid by the hour, the increase in salary was due to increased hours worked.... There is no evidence that the employment was subsidized or that she was given special considerations at the place of employment. Instead, the

claimant admitted that she was working regular work days and performing her regular work duties. There are also indications that she may have quit for reasons unrelated to impairment, as she felt pressure from her employer to quit. It should also be noted that she successfully obtained new employment within twelve months of leaving the shirt factory, in a job paying a higher salary. In sum, the claimant worked for a six month period averaging earnings commensurate with substantial gainful activity. There is nothing about her hours worked, the job duties performed, or the earnings amounts (which have steadily increased throughout her employment) to indicate that this work activity was "unsuccessful."

The district court also noted: "Plaintiff herself testified that she missed only three or four days a month ... and that she in fact did more work than when she was previously employed prior to her back injury...." There is sufficient evidence in the record to support the secretary's conclusion that the claimant's work for Mar–Bax did not involve frequent absences within the meaning of SSR 84–25. Accordingly, the activities did not constitute an unsuccessful work attempt. At no time has claimant been unable to engage in a substantial gainful activity for a period longer than twelve months. Thus, she has not made the prerequisite showing of disability under 42 U.S.C. § 423.

We express some sympathy for the claimant despite our ruling in this case. Although the claimant may suffer serious back pain and cannot work without discomfort, she has continued to work despite her alleged pain. We recognize that if the claimant had decided not to work, she might have qualified for disability benefits because she may have been able to prove that she was incapable of engaging in substantial gainful activity for at least twelve months.

The claimant makes several other arguments, but it is not necessary to address them because she has failed to make the prerequisite showing that she was unable

to engage in a substantial gainful activity for any 12–month continuous period. For the foregoing reasons, we AFFIRM the Secretary's decision.