Marclef ZIMIGA, Appellant,

v.

Richard S. SCHWEIKER,* Secretary of Health and Human Services, Appellee.

No. 81–1171.

United States Court of Appeals, Eighth Circuit.

Submitted May 18, 1981.

Decided June 23, 1981.

---

* This Court on its own motion substitutes Secretary Schweiker as appellee in the place of his predecessor, the Hon. Patricia Roberts Harris, who was originally sued in this case.

James D. Leach, Rapid City, S. D., for Zimiga.

Terry L. Pechota, U. S. Atty., Rapid City, S. D., for appellee.

Before HEANEY, BRIGHT and AR-NOLD, Circuit Judges.

PER CURIAM.

Marclef Zimiga received Supplemental Security Income disability benefits from 1974 until 1979. In June 1979 the Secretary of Health and Human Services notified Zimiga that his disability was considered to have ceased. Following a hearing an administrative law judge determined that Zimiga suffered from no disability. This determination became the Secretary's final decision upon the Appeals Council's denial of review. On review the District Court entered summary judgment in favor of the Secretary on the ground that substantial evidence supported the Secretary's decision. We reverse and remand for entry of judgment in favor of Zimiga.

At the time of the hearing, Zimiga was 42 years old. Although without any high school education, he had been trained and employed as a welder. While working in that capacity at a South Dakota uranium mill he suffered physical impairment, diagnosed as pulmonary disorder, and in 1974 was found to be disabled. He has not worked since 1971. Zimiga testified that his condition has progressively worsened, and that he is now incapable of even slight physical exertion without subsequent rest. Indeed, he testified, he sleeps fifteen hours a day as a result of his condition.

The administrative law judge found that Zimiga "is unable to perform his past relevant work." This finding was fully supported by Zimiga's testimony and by the medical reports of examining physicians received in evidence. Zimiga therefore satisfied his primary burden of proof of inability to perform his past occupations because of medically determinable ailments, and shifted the burden to the Secretary to establish by a preponderance of the evidence that there was work available in the national economy that Zimiga could perform in his disabled condition. *E. g., Gilliam v. Califano,* 620 F.2d 691, 693 (8th Cir. 1980).

The Secretary attempted to discharge his burden by reference to "medical vocational guidelines" contained in Appendix 2 to Subpart I of 20 C.F.R. Part 416 (1980).[1] The administrative law judge found that Zimiga had the "residual functional capacity" for light work as defined in 20 C.F.R. § 416.910 (1980), and accordingly held that Rules 202.17 and 202.18 in Table No. 2 of Subpart I's Appendix 2 dictated a finding that Zimiga was not disabled.[2] We

---

1. In August 1980 the Secretary promulgated revised regulations for Subpart P of 20 C.F.R. Part 404 (1980) and Subpart I of 20 C.F.R. Part 416 (1980) to make the regulations "easier to read and understand" by "remov[ing] legalistic language and bureaucratic jargon[.]" 45 Fed. Reg. 55,566 (1980). Under these revised regulations, 20 C.F.R. Part 416 now incorporates by reference the medical vocational guidelines contained in Appendix 2 to Subpart P of 20 C.F.R. Part 404. See 45 Fed.Reg. 55,621 (1980) (index listing of § 416.969). Because these re-

visions affect no issue before us, we cite the presently codified regulations.

2. 20 C.F.R. § 416.913 (1980) provides that "when the findings of fact made as to all factors coincide with the criteria of a rule, that rule directs a conclusion of disabled or not disabled."

We have consistently held that once a claimant satisfies his primary burden of proof, it is usually incumbent upon the Secretary to call a vocational expert to establish the existence of other work that claimant, considering his age, education, work experience, and physical and

have carefully searched the record and can find no substantial evidence to support the finding that Zimiga has the residual functional capacity to do light work.[3]

Two physicians examined Zimiga in 1979 and submitted reports received in evidence. The report of Dr. W. J. Howard, which the administrative law judge termed "equivocal," concluded that Zimiga "probably does have obstructive airways disease" of uncertain severity. The report of Dr. Elmo J. Rosario, however, submitted after the hearing at the request of the administrative law judge, concluded that Zimiga suffers from "chronic obstructive pulmonary disease with pulmonary function evidence of moderate obstructive dysfunction." The final comment in Dr. Rosario's report characterized Zimiga's condition as one of "severe disease," the majority of which is "not reversible."

In short, nothing contained in either of the medical reports or in Zimiga's testimony supports the finding that Zimiga is capable of performing light work. Because the administrative law judge necessarily predicated his conclusion that Zimiga is not disabled on this finding, substantial evidence fails to support the conclusion. We therefore reverse the judgment and remand for entry of judgment in favor of Zimiga.

It is so ordered.

mental impairments, could perform. *E. g., Rhines v. Harris*, 634 F.2d 1076 (8th Cir. 1980). We have never explicitly considered whether the Secretary's medical vocational guidelines can by themselves carry the Secretary's burden and, because we hold that substantial evidence does not support one of the findings of fact necessary for using the rules applied by the administrative law judge, our disposition of this case does not require us to do so now.

3. The applicable regulation defines light work as follows:

(c) *Light work.* Light work entails lifting 20 pounds maximum with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be only a negligible amount, a job is in this category when it requires walking or standing to a significant degree, or when it involves sitting most of the time with a degree of pushing or pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, an individual must be capable of performing substantially all of the foregoing activities. *The functional capacity to perform light work includes the functional capacity to perform sedentary work.* [20 C.F.R. § 416.910 (1980).]