Odessa JACKSON, Appellant,

v.

Richard S. SCHWEIKER, Secretary of Health and Human Services, Appellee.

No. 82–2013.

United States Court of Appeals, Eighth Circuit.

Submitted Jan. 3, 1983.

Decided Jan. 5, 1983.

Richard Chase, Legal Services of Eastern Missouri, St. Louis, Mo., for appellant.

Thomas E. Dittmeier, U.S. Atty., Bruce D. White, Asst. U.S. Atty., St. Louis, Mo., for appellee; Paul P. Cacioppo, Regional Attorney, Region VII, Robert VanNorman, Dept. of Health and Human Services, Kansas City, Mo., of counsel.

Before HEANEY, ROSS and FAGG, Circuit Judges.

PER CURIAM.

Odessa Jackson, a 47 year old black woman with a seventh grade education, applied for social security disability benefits, alleging that she became totally disabled in October, 1979.

The administrative law judge found that Jackson was unable to return to her work

as a domestic, but that she retained the residual functional capacity for the performance of at least sedentary work with a sit/stand option. The administrative law judge then applied the "grid," 20 C.F.R., Part 404, Appendix 2, to find that Jackson was not disabled within the meaning of the Social Security Act. The Secretary adopted the decision of the administrative law judge.

Jackson then filed a timely action with the United States District Court for the Eastern District of Missouri. That court referred the matter to a magistrate who recommended that the matter be remanded to the Secretary for a rehearing with a vocational expert present. The district court rejected this recommendation and granted summary judgment to the Secretary, holding that the Secretary's decision was supported by substantial evidence.

 After a careful review of the entire record, we are convinced that there is a lack of substantial evidence to support the Secretary's finding that Jackson can perform sedentary work. We, therefore, reverse and remand to the district court with directions to enter a summary judgment in favor of Jackson.[1]

In *McCoy v. Schweiker*, 683 F.2d 1138, 1141–42 (8th Cir.1982) (en banc), this Court reviewed the requirements for determining disability claims. In *McCoy*, we stated that an individual is totally disabled and eligible for disability benefits under the Social Security Act if he or she is not currently engaged in substantial gainful activity and is suffering from a severe impairment. If the particular impairment is one that is listed in Appendix I to Subpart P of the Medical-Vocational Guidelines, the claimant is disabled on the basis of the medical evidence alone. *See id.;* 20 C.F.R. § 404.-1520(d) (1982). Our review of the evidence presented and the tests conducted by a government employed examining physician, Dr. Rosecan, convinces us that Mrs. Jackson is suffering from such a listed impairment.

At the hearing, Mrs. Jackson testified that she was unable to do sustained work of any kind. Her treating physician filed a detailed report in which he outlined her various disabilities and concluded by stating: "I feel that it is impossible for her to carry out any gainful employment now and for the foreseeable future because of the extreme severity of her heart disase [sic]."

The administrative law judge relied on the statement of Dr. Rosecan in finding that Jackson was not disabled and that she could do sedentary work. Dr. Rosecan summarized his findings as follows:

In summary, Odessa Jackson has hypertensive cardiovascular disease. There is probably arteriosclerotic heart disease. She has chest pains which are compatible in many respects with angina pectoris. The positive Treadmill stress test would help support this diagnosis of angina pectoris although she did not have chest pain during this particular test for this degree of exercise. There is no cardiac enlargement, pulmonary congestion or pleural effusion. There is no evidence of frank congestive heart failure at present. She would have early Class III functional ca-

---

1. We again reiterate the often expressed rule that if it is determined that a claimant cannot return to the work he or she formerly performed, the burden shifts to the Secretary to prove that the claimant can perform other work in the economy. *E.g., Poe v. Harris,* 644 F.2d 721, 722 (8th Cir.1981); *Cole v. Harris,* 641 F.2d 613, 614 (8th Cir.1981); *Voyles v. Harris,* 636 F.2d 228, 229 (8th Cir.1980). The administrative law judge found that Jackson could no longer work as a domestic. Thus, the burden passed to the Secretary to prove that she could do other work. We are unable to tell from the record whether the administrative law judge properly allocated the burden of proof. Ordinarily in such circumstances we would remand with directions to reconsider, but here there is simply no substantial evidence to support the Secretary's denial of benefits irrespective of where the burden is placed. *See Zimiga v. Schweiker,* 651 F.2d 611, 613 (8th Cir.1981); *Johnson v. Califano,* 572 F.2d 186, 188 (8th Cir.1978). *Cf. Stephens v. Secretary of HEW,* 603 F.2d 36, 42 (8th Cir.1979) (outright reversal of denial of benefits justified where there is no

pacity [2] of the American Heart Association classification as far as the heart is concerned. She has a history of bronchitis. * * * She has a history of hyperthyroidism treated with radioactive iodine and then apparently developed hypothyroidism. She was placed on thyroid replacement therapy which [she] described receiving at present although her medication was not brought in for accurate identification. She feels some of the symptoms are similar to those of hyperthyroidism but this probably relates to the type of palpitations she experiences. I would suggest thyroid evaluation and accurate identification of her current medication. She has chronic otitis media reportedly unresponsive to oral antibiotics. * * * She had total abdominal hysterectomy for fibroid tumor. She has arthritic complaints in the knees, ankles and hips. She has degenerative joint disease with discomfort but no significant functional loss of individual joints.

Dr. Rosecan's findings were supplemented by an acceptable treadmill test conducted pursuant to 20 C.F.R., Chapter III, Appendix 1, Part A, Section 4.00G. Properly read, this test indicated that Jackson had a medical impairment of sufficient seriousness to support a finding of total disability.

■ Section 4.04(A)(1) of Appendix 1 provides that an individual with ischemic heart disease accompanied by chest pain of cardiac origin is disabled if an acceptable treadmill exercise test demonstrates "[h]orizontal or down-sloping ischemic depression of the ST segment to 1.0 mm. or greater, clearly discernible in at least two consecutive complexes which are on a level baseline in any lead" at an exercise level of 5 METs or less. The test given Mrs. Jackson indicated that there were ST changes of "Positive 2 mm. depression, horizontal or down-sloping ST segment." Thus, Mrs. Jackson's

test results clearly met the requirements of section 4.04(A)(1). The administrative law judge acknowledged that "Dr. Rosecan felt the test was positive for ischemia," but nevertheless concluded that the medical evidence failed to establish a listed impairment, apparently because of a notation on the test results which indicated that Mrs. Jackson did not develop chest pain during the test.

Although a lack of chest pain during a treadmill exercise test may be an important factor in some contexts, it is not determinative in this case because of the undisputed evidence elsewhere in the record that Mrs. Jackson experienced frequent chest pain. Section 4.00E describes the type of pain which is characteristic of ischemic heart disease:

Chest pain of cardiac origin is considered to be pain which is precipitated by effort and promptly relieved by sublingual nitroglycerin or rapid-acting nitrates or rest. The character of the pain is classically described as crushing, squeezing, burning, or oppressive pain located in the chest. Excluded is sharp, sticking, or rhythmic pain. Pain occurring on exercise should be described specifically as to usual inciting factors (kind and degree), character, location, radiation, duration, and response to nitroglycerin or rest.

Dr. Rosecan, the Secretary's expert, described Mrs. Jackson's pain as follows: "She has acute substernal chest pain which is stinging in nature, exacerbated by exercise and emotional upset, and relieved by rest. The episodes last 30 minutes to an hour and occur once a day. She has noted increased frequency over the past year." Dr. Fogarty, her treating physician, described her pain in a similar manner: "Patient has typical anginal pain radiating to the shoulders brought on by exertion and relieved by

---

substantial evidence to support a finding that the claimant is not totally disabled).

2. A Class III functional capacity is defined as follows:

Class III. Patients with cardiac disease resulting in marked limitation of physical ac-

tivity. They are comfortable at rest. Less than ordinary physical activity causes fatigue, palpitation, dyspnea, or anginal pain. See Diseases of the Heart and Blood Vessels— Nomenclature and Criteria for Diagnosis, (6th ed. 1964) cited in Appellant's Br. at 8.

nitroglycerin." Mrs. Jackson also testified at her administrative hearing that she suffers chest pain which is aggravated by exertion.

Dr. Rosecan noted on the treadmill exercise test that Mrs. Jackson experienced fatigue, leg weakness, dyspnea, and dizziness. It may well be that the test was discontinued prior to any feeling of pain because of these symptoms. In any event, the regulations do not require that the "chest pain of cardiac origin" described in section 4.00E occur during the objective test. Section 4.00D clearly indicates that an individual has ischemic heart disease if the individual experiences cardiac chest pain and, in addition, there is objective medical evidence, such as the positive treadmill test results described above, which supports the "clinical impression of chest pain."

In summary, the employee in this case testified that because of her heart condition, she was unable to do work of any kind. This testimony was strongly supported by the detailed reports of her treating physician. The tests conducted by the examining doctor employed by the government provide objective evidence, which, when considered with the type of chest pain experienced by Mrs. Jackson, establish that she has a listed impairment, ischemic heart disease. Because we find that Mrs. Jackson comes within one of the per se qualifications for disability under the regulations, we need not consider her other contentions on appeal, and we have no alternative but to remand to the district court with directions to it to vacate the summary judgment in favor of the Secretary and to enter summary judgment in favor of Jackson.