**John McCULLOUGH, Plaintiff,**

v.

**Margaret HECKLER, Secretary of Health and Human Services, Defendant.**

**No. 83 C 3819.**

United States District Court, N.D. Illinois, E.D.

March 30, 1984.

Rebecca Janowitz, Chicago, Ill., for plaintiff.

Donna Morros Weinstein, Dept. of HHS; Dan K. Webb, U.S. Atty., Chicago, Ill., for defendant.

## MEMORANDUM OPINION AND ORDER

SHADUR, District Judge.

Margaret Heckler as Secretary of Health and Human Services ("Secretary") has filed objections to Magistrate Joan Lefkow's February 23, 1984 Report and Recommendation (the "Report"), which recommends on cross-motions for summary judgment that John McCullough ("McCullough") be awarded the period of disability and reinstatement of disability insurance benefits he seeks. Secretary contends Magistrate Lefkow has misconstrued the requirement embodied in 20 C.F.R. § 404.1520(c) that a disability claimant must suffer from a "severe" impairment.

This Court finds Secretary, not Magistrate Lefkow, has misconstrued the concept of "severity." Accordingly it overrules Secretary's objections, adopts the Report and enters judgment for McCullough.

### "Severity" as a Requirement of Disability

■ "Severity" is an element that must be shown to establish a disability and entitle a claimant to social security benefits. Although the "severity" requirement as such is a creature of regulations, the statutory definition of "disability" does contain the word "severity" (see, e.g., 42 U.S.C. § 1382c(a)(3)(B), emphasis supplied):

> For purposes of subparagraph (A), an individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such *severity* that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy....

Analyzing and applying that definition, Secretary's predecessors promulgated regulations establishing "severity" as an independent element of "disability" (20 C.F.R. § 404.1520(c), emphasis in original):

> *You must have a severe impairment.* If you do not have any impairment(s) which significantly limits your physical or mental ability to do basic work activities, we will find that you do not have a severe impairment and are, therefore, not disabled. We will not consider your age, education, and work experience....

Then a later regulation defined "severe impairment" by negative implication (20 C.F.R. § 404.1521, emphasis in original):

> (a) *Non-severe impairment.* An impairment is not severe if it does not significantly limit your physical or mental abilities to do basic work activities.
>
> (b) *Basic work activities.* When we talk about basic work activities, we mean the abilities and aptitudes necessary to do most jobs. Examples of these include—

> (1) Physical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling;
>
> (2) Capacities for seeing, hearing, and speaking;
>
> (3) Understanding, carrying out, and remembering simple instructions;
>
> (4) Use of judgment;
>
> (5) Responding appropriately to supervision, co-workers and usual work situation; and
>
> (6) Dealing with changes in a routine work setting.

*Brady v. Heckler,* 724 F.2d 914 (11th Cir.1984) has provided an extensive analysis of the "severity" requirement. It concludes the regulations set forth a purely de minimis requirement, excluding only the class of claimants described in an earlier version of the regulation as having "slight abnormalities" (*id.* at 919–20, emphasis added):

> In the 1978 regulations, the Secretary stated that the definition "a medically determinable impairment is not severe if it does not significantly limit an individual's physical or mental capacity to perform basic work related functions" is a clarification of the previous regulation's terms "a slight neurosis, slight impairment of sight or hearing, or other slight abnormality or a combination of slight abnormalities." It is a clarification, not a change, in the definition of severe impairment. The court, in *Chico v. Schweiker,* 710 F.2d 947 (2d Cir.1983), reinforced the fact that the definition of severe impairment has not changed over the years.

> The Secretary's preamble in the Federal Register reveals that the "severity" regulation, as originally promulgated in 1978, was meant to clarify the 1968 regulation's terms "a slight neurosis, slight impairment of sight or hearing, or other slight abnormality or combination of slight abnormalities" but was not intended "to alter the levels of severity for a finding of ... [']not disabled['] on the basis of medical considerations alone," 43 F.R. 55358. The

recodification in 1980 evinced no change in this expression of the Secretary's intent, 45 F.R. 55574. *Chico* at 954–55, n. 10.

There has been no attempt to alter the levels of severity for a finding of not disabled on the basis of medical considerations alone (i.e., a finding of non-severe impairment). In defining a non-severe impairment under the 1968, 1978, and 1980 regulations, we must turn to the 1968 regulation's terms, "a slight neurosis, slight impairment of sight or hearing, or other slight abnormality or a combination of slight abnormalities."

In a document entitled "Appeals Council Review and Sequential Evaluation Under Expanded Vocational Regulations," attached to a January 30, 1980, memorandum from the Appeals Council regarding its cumulative findings on appraisal of appealed cases during 1979, the Appeals Council set forth its policy regarding findings of severe or not severe:

> The Appeals Council, therefore, specifically considered the issue of when an impairment(s) should be considered as "not severe" within the meaning of these regulations. The Council concluded in a minute that the definition contained in regulations 404.1503(c) and 416.903(c) was not intended to change, but was merely a clarification of the previous regulatory terms "slight neurosis, slight impairment of sight or hearing, or other slight abnormality or a combination of slight abnormalities...." In other words, an impairment can be considered as "not severe" only if it is a slight abnormality which has such a minimal effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education, or work experience.

*Appeals Council Review of Sequential Evaluation Under Expanded Vocational Regulations* (1980).

The 1978 regulations were not meant to alter the level of severity for a finding of not disabled on the basis of medical considerations alone. Under the 1968 and 1978 regulations, *an impairment can be considered as not severe only if it is a slight abnormality which has such a minimal effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education, or work experience.*

The 1980 recodification stated that impairment is not considered severe if it does not significantly limit the claimant's physical or mental ability to do basic work activities. Though the regulation adds new language to the definition of severe impairment, the key point is that which was raised by the court in *Chico;* the recodification in 1980 evinced no change in expression of the Secretary's intent as to the levels of severity needed for finding of not disabled on the basis of medical considerations alone. *Chico,* 710 F.2d at 955. The court in *Jones [v. Schweiker,* 551 F.Supp. 205 (D.Md.1982) ] defined the 1980 term "significant" limitation as (1) having a meaning, (2) deserving to be considered, and (3) not meaningless. *Jones,* 555 F.Supp. at 208. The limitation must not be meaningless. This approach is, thus, identical to the 1968 language which states that the impairment must not be slight. From *Chico* and *Jones* it is clear that the 1980 regulations follow the 1968 and 1978 definition of a severe impairment.

*Brady* then repeats verbatim, as the relevant test under the 1980 regulations (those now in force), the standard this Court has emphasized in the penultimate quoted paragraph. See also *Hundrieser v. Heckler,* 582 F.Supp. 1231, 1238–39 (N.D.Ill.1984); *Trafton v. Heckler,* 575 F.Supp. 742, 745 (D.Me.1983).

█ In short the "severity" concept is nothing more than an administrative convenience. As with any other administrative regulation, it cannot supplant the focus mandated by the statute itself. It should be employed only when a claim is so groundless that any analysis of the claimant's work experience or residual functional capacity would be a waste of time.

Doubts should be resolved against resting any decision on "severity" alone, because the failure to invoke that requirement where appropriate should always be harmless: Further analysis of any claim assertedly involving no severe impairment should always reveal the claimant's continued ability to do his past relevant work [1] or, if not, other relevant work as defined by the statute.

### How Secretary Has Used the "Severity" Concept

■ Given the minor role originally contemplated for the concept of "severity," this case (and some others like it, e.g., *Hundrieser*, 582 F.Supp. at 1234, 1235) illustrates the distressing extent to which Secretary's decisions are "result-oriented rather than justice-oriented" (*Jones v. Heckler*, 583 F.Supp. 1250, 1253 (N.D.Ill.1984)). There is no basis other than Secretary's skewed reading of "severity" on which McCullough could possibly have been denied benefits. His only past relevant work is his 28-year history as a construction laborer, work that Secretary clearly would classify as "heavy." Administrative Law Judge George A. Bowman ("ALJ Bowman" or simply the "ALJ") relied on the medical opinion of Dr. D. McCulley (the least favorable to McCullough in the record) that McCullough was currently capable of performing only "light" work due to his thrombophlebitis. Thus even under ALJ Bowman's analysis McCullough cannot return to his past work. Furthermore because of McCullough's advanced age, limited education and unskilled work experience, his inability to do any more than "light" work mandates a finding of "disabled" under Rule 202.01 of the "Grid," 20 C.F.R. Subpart P, App. 2, Table 2.

Use of the purported "severity" requirement to achieve the desired result (denial of benefits)—even though more rigorous analysis, consonant with the statute, counsels the opposite conclusion—is accomplished by means of an intellectually dishonest sleight-of-hand. Secretary argues:

1. Her regulations define a "severe" impairment as one that limits the ability to do "basic work activities," and the regulations list 19 such activities in six categories as examples.[2] See 20 C.F.R. §§ 404.1520(c), 404.1521(b).

2. McCullough's impairment may prevent him from engaging in basic work activities he actually used in *his* most recent work,[3] but it would not interfere with *others'* basic work activities at *their* wholly different kinds of jobs.[4]

3. Therefore the impairment is not "severe."

In advancing that flawed syllogism, Secretary defends her practice of ignoring whether an impairment interferes with the claimant's own ability to do basic work activities by citing the second sentence of 20 C.F.R. § 404.1520(c):

We will not consider your age, education, and work experience [when applying the "severity" requirement].

■ But because the statute links "severity" directly to the *claimant's* inability (1) "to do his previous work" and (2) to "engage in any other kind of substantial gainful work" in light of defined considerations personal to him, the fatal defect in Secretary's reasoning is obvious. "Severity" is not a free-standing, independent measure of disability under the statute. It may of course be used to eliminate the

---

1. Thus *Hundrieser*, 582 F.Supp. at 1242–43 proposes that a showing of asserted non-severity by Secretary should drop out of the picture upon a showing by claimant he or she cannot return to his or her past relevant work.

2. *Scruggs v. Schweiker*, 559 F.Supp. 100, 104 (M.D.Tenn.1982) remarked "it is difficult to imagine what may have been left off the list."

3. ALJ Bowman found (R. 10) McCullough could "sit, stand, walk, and lift," though he concededly could not lift anything approaching the amount of weight he was required to lift at his past job.

4. Again it should be underscored those other jobs of other people are *not*—in the terms the statute requires in order to find the absence of disability—"substantial gainful work" in which McCullough can engage "considering his age, education, and work experience."

obvious case: No claimed impairment may be found "severe" if it is so slight it would not interfere with *anyone's* basic work activities, regardless of his or her "age, education, and work experience." See *Hundrieser*, at 1239. But if that low threshold of "severity" is surmounted, Secretary must proceed to the analysis of the claimant's disability in the terms prescribed by the statute: *his* inability to do previous work or to engage in other work in light of the factors the statute specifies. Secretary has erred by not doing so here.

This view of the place "severity" should occupy in the "disability" matrix essentially parallels that expressed by our Court of Appeals in *Wallschlaeger v. Schweiker*, 705 F.2d 191 (7th Cir.1983). While it assumed the validity of a "severity" requirement and the sequential analysis under the regulations (*id.* at 196–97), that Court assigned the "severity" concept an essentially tautological role as it would operate in this case (*id.* at 197):

> If you do not have a severe impairment [under the regulations] you are not disabled even if you have some slight impairment that disables you from performing any work which you have or are qualified to do. But in a practical sense an impairment that prevents an applicant from doing any work he is qualified to do is a severe impairment, for by hypothesis it is totally disabling, and the statute itself—42 U.S.C. § 423(d)(2)(A) again—defines "severe" in just that practical way.

### Appropriate Relief

■ As Magistrate Lefkow has pointed out, a finding of "non-severity" "short-circuits" the disability determination process (Report at 5–6):

The ALJ found at step 2 that plaintiff's impairments were not severe and ended the analysis, concluding plaintiff was not disabled. This pretermitted the need to consider whether he could perform previous work or the other vocational factors under steps 4 and 5.[5]

Although *Hundrieser* remanded to the ALJ for completion of the disability determination process, outright reversal is appropriate in this case via either of two alternative routes:

1. Because of McCullough's unquestionable inability to do his past work and the exclusion of other relevant work by the Grid, ALJ Bowman's decision makes clear no conclusion other than that McCullough is still disabled could possibly be supported by substantial evidence.[6]

2. If the "severity" concept were applied in a way consistent with the statute, any finding McCullough's impairment is not "severe" would subsume a finding it does not prevent him from performing his past relevant work. That is of course an insupportable finding as to McCullough: It clearly is not supported by substantial evidence.

Both Report at 7 and *Scruggs*, 559 F.Supp. at 104 support the use of the latter approach as a general rule for cases in which Secretary finds a "non-severe" impairment. In this case however both routes are available, so it need not be decided whether the latter course should generally be followed. Reversal is appropriate in either event.

### Conclusion

Secretary's objections are overruled and this Court adopts the Report. There is no genuine issue as to any material fact, and McCullough is entitled to a judgment as a matter of law. Secretary is ordered to

---

5. [footnote by this Court] See 20 C.F.R. § 404.-1520 for a listing of the five official steps of the disability determination process.

6. Secretary's decision terminating a claimant's benefits will be reversed if it is not supported by "substantial evidence based on the record as a whole." *Whitney v. Schweiker*, 695 F.2d 784, 786 (7th Cir.1982). Substantial evidence

"means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971), quoting from *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229, 59 S.Ct. 206, 217, 83 L.Ed. 126 (1938).

reinstate McCullough on the disability rolls and pay him the benefits at issue.