Benedetto **BOIANO**, Plaintiff,

v.

**Margaret M. HECKLER, Secretary of Health and Human Services, Defendant.**

**No. 83 Civ. 5449 (KTD).**

United States District Court, S.D. New York.

May 15, 1984.

Meltzer & Fishman, New York City, for plaintiff; Stanley F. Meltzer, Jeffrey Roth, New York City, of counsel.

Rudolph W. Giuliani, U.S. Atty., S.D. N.Y., Annette H. Blum, Regional Atty., Region II, New York City, Timothy Jefferson, Asst. Regional Atty., Office of the Gen. Counsel, Dept. of Health and Human Services, Washington, D.C., for the Secretary of Health and Human Services; Jordan Stanzler, Asst. U.S. Atty., New York City, of counsel.

## MEMORANDUM AND ORDER

KEVIN THOMAS DUFFY, District Judge.

Plaintiff Benedetto Boiano seeks the reversal of a decision by the Secretary of Health and Human Services ("the Secretary") denying his application for disability insurance benefits.

Boiano is presently forty-six years old and has five years of formal education which he received in Italy. He worked as a farmer in Italy, and after immigrating to the United States, as an "oiler" in a factory manufacturing printing machines and as a mechanic's helper for a construction company. While employed as a mechanics helper in April 1979, Boiano was hit in the back by a bulldozer. He has not worked since the accident and has filed two applications for disability insurance benefits claiming that he sustained a back injury and was disabled as a result of the accident.

Boiano's first application was filed on February 19, 1980; it was denied on June 2, 1980. The case was considered *de novo* at a hearing requested by Boiano. On December 28, 1981, the Administrative Law Judge ("ALJ") rendered a decision denying Boiano's application. The ALJ concluded that Boiano did not suffer from an impairment or impairments that meet the severity level defined in the Social Security Act regulations. Furthermore, the ALJ found that although Boiano was unable to perform his job as a mechanic's helper, he was able to perform sedentary work.

On April 16, 1982, Boiano filed a second application for disability insurance benefits. The application was denied initially and on reconsideration. Pursuant to the claim-ant's request, a hearing was held before an ALJ. On March 24, 1983, the ALJ denied Boiano's application. She found that "[t]he claimant's impairment does not prevent him from performing basic [work] related functions or engaging in substantial gainful activity on a sustained basis; therefore, the claimant does not have a severe impairment." Tr. 10. The Appeals Council adopted the ALJ's decision on June 27, 1983, and it became the final decision of the Secretary.

## DISCUSSION

Boiano argues that the Secretary's determination should be overturned because (1) it was not based on substantial evidence; (2) the Secretary did not evaluate properly the combined effects of plaintiff's mental and physical impairments; (3) the Secretary failed to consider adequately Boiano's subjective complaints of pain; and (4) the nonseverity regulation, as applied by the Secretary, is inconsistent with the Social Security Act. For the following reasons, I find the fourth ground necessitates remand of Boiano's claim. The ALJ should consider the claimant's age, education, and work experience as well as the medical evidence in evaluating Boiano's condition. Thus, I turn to Boiano's last argument and do not discuss his first three arguments.

In order to achieve "greater program efficiency" and to eliminate the need for a vocational evaluation in many cases, the Secretary promulgated a "nonseverity" regulation in 1978 which was later modified in 1980. 20 C.F.R. § 404.1520. It provided for a sequential approach to be followed by the ALJ deciding disability applications. The steps in the sequential process have been summarized as follows:

First, the Secretary considers whether the claimant is currently engaged in substantial gainful activity. If he is not, the Secretary next considers whether the claimant has a "severe impairment" which significantly limits his physical or mental ability to do basic work activities. If the claimant suffers such an impairment, the third inquiry is whether, based

solely on medical evidence, the claimant has an impairment which is listed in Appendix 1 of the regulations. If the claimant has such an impairment, the Secretary will consider him disabled without considering vocational factors such as age, education, and work experience; the Secretary presumes that a claimant who is afflicted with a "listed" impairment is unable to perform substantial gainful activity. Assuming the claimant does not have a listed impairment, the fourth inquiry is whether, despite the claimant's severe impairment, he has the residual functional capacity to perform his past work. Finally, if the claimant is unable to perform his past work, the Secretary then determines whether there is other work which the claimant could perform.

*Berry v. Schweiker*, 675 F.2d 464, 467 (2d Cir.1982).

The second step in the *Berry* summary—whether the claimant has a severe impairment—is described in the regulation as follows:

> If you do not have any impairment(s) which significantly limits your physical or mental ability to do basic work activities, we will find that you do not have a severe impairment and are therefore, not disabled. *We will not consider your age, education, and work experience.*

20 C.F.R. § 404.1520(c) (emphasis supplied). Thus, the Secretary's "nonseverity" regulation conflicts squarely with 42 U.S.C. § 423(d)(2)(A) which provides that an individual

> shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, *considering his age, education, and work experience,* engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.

42 U.S.C. § 423(d)(2)(A) (emphasis supplied).

Although originally intended to provide a screening device to eliminate the truly frivolous claims, the nonseverity regulation in fact serves to limit entitlement on a broader scale than the Act permits. The ALJ considered only the raw medical evidence presented to her. She did not consider Boiano's language difficulty, job experience as an unskilled laborer and lack of education. From a review of the record, I conclude that Boiano established that he could no longer perform his former job of mechanic's helper. Yet, the ALJ under the nonseverity regulation could and did still find him to not have a severe impairment. The Secretary's rulemaking authority is not the authority to make law but to "adopt regulations to carry into effect the will of Congress as expressed by the statute." *Dixon v. United States*, 381 U.S. 68, 74, 85 S.Ct. 1301, 1305, 14 L.Ed.2d 223 (1969) (citations omitted). The nonseverity regulations do not "carry into effect the will of Congress." Instead, they impermissibly amend the standard for disability set forth in the Social Security Act and are therefore invalid. *See Martin v. Secretary*, 492 F.2d 905, 909–10 (4th Cir.1974).

The Second Circuit has been faced with cases questioning the validity of the Secretary's regulation on two occasions but has not yet been required to resolve the issue. *Keith v. Heckler*, 732 F.2d 1089, 1093 (2d Cir.1984); *Chico v. Schweiker*, 710 F.2d 947, 953 (2d Cir.1983). In *Chico* the court stated that it was not necessary

> to resolve what we consider to be a close question of the validity of the severity regulation, involving as it does a seeming conflict between the letter of section 423(d)(2)(A) ... and ... the Secretary's understandable desire to supply ... some threshold that a claimant must pass before the Social Security Administration is required either to apply the appendix 2 guidelines or to call vocational experts, and the Supreme Court's recognition ... that Congress "conferred on the Secretary exceptionally broad author-

ity to prescribe standards for applying certain section of the Social Security Act."

710 F.2d at 953 (quoting *Schweiker v. Gray Panthers,* 453 U.S. 34, 43, 101 S.Ct. 2633, 2639, 69 L.Ed.2d 460 (1981)).

Furthermore, in *Keith* the court suggested that the Secretary revise the regulations before a case arises in which the "ALJ less solicitous of a claimant should rest decision solely on the severity regulation ...." *Keith v. Heckler,* 732 F.2d at 1093–1094. This case, however, has arrived before the regulation was revised despite the fact that over three years ago, the Secretary indicated that he was considering the feasibility of revising the regulation because there was "some question" whether the regulation in fact promoted efficiency. *Lofton v. Schweiker,* 653 F.2d 215, 217 n. 1 (5th Cir.1981).

Accordingly, the Secretary's decision that Boiano is not "disabled" is reversed and remanded for reconsideration consistent with this opinion. This case shall be placed on the suspense docket.

SO ORDERED.