**Ted W. WOLFE, Appellant,**

v.

**Margaret HECKLER, Secretary of Health and Human Services, Appellee.**

**No. 83–2144.**

United States Court of Appeals, Eighth Circuit.

Submitted May 17, 1984.

Decided Aug. 23, 1984.

Jonathan Hewett, Hewett & Hewett, Eureka Springs, Ark., for appellant.

J. Paul McGrath, Asst. U.S. Atty. Gen., Washington, D.C., W. Asa Hutchinson, U.S. Atty., Fort Smith, Ark., Frank V. Smith, III, Regional Atty., Kermit Fonteno, Asst. Regional Atty., U.S. Dept. of Health and Human Services, Dallas, Tex., for appellee.

Before HEANEY, McMILLIAN and JOHN R. GIBSON, Circuit Judges.

HEANEY, Circuit Judge.

Ted W. Wolfe is a 46 year-old physician whose specialty is radiology. His condition has been diagnosed as "probable manic depressive psychosis." He practiced his specialty and taught until 1976. In 1973, he suffered "acute depression with suicidal and paranoid ideas," but was able to return to work. He suffered an "acute schizophrenic" episode in 1976 and has not worked at his profession since that date. He has adopted an alternative life style that includes meditation, work in the garden, housekeeping, visiting friends and family, music and occasional lectures for money.

Wolfe filed an application for disability income benefits on October 22, 1980 alleging that he became disabled in April, 1976 because of "mental breakdown—schizophrenia depression." Benefits were ultimately denied by the Secretary of the Department of Health and Human Services. Wolfe then sought judicial review of the Secretary's final decision in the United States District Court for the Western District of Arkansas. That court granted the Secretary's motion for summary judgment. We affirm.

It is clear from the record that Wolfe is unable to return to his work as a physician;[1] thus, the burden shifted to the Secretary to show that Wolfe had the sustained capability to perform other work. *Allred v. Heckler,* 729 F.2d 529, 531 (8th Cir.1984); *Jackson v. Schweiker,* 696 F.2d 630, 631 n. 1 (8th Cir.1983); *Tucker v. Schweiker,* 689 F.2d 777, 779 (8th Cir.1982); *McCoy v. Schweiker,* 683 F.2d 1138, 1146–1147 (8th Cir.1982) (en banc). Neither the Appeals Council nor the Secretary recognized that the burden of proof had shifted. In fact, the Secretary takes the position that in this case the burden remained with Wolfe. She is in error in so doing.

1. The original disability determination stated: Although the claimant has the mental limitations described above, [questionable judgment, insight only fair, retention of ability to handle routine but superficial interpersonal contacts] he appears capable of performing other jobs in the medical field. His acquired skills will transfer to other jobs of a lower level complexity.

Despite the failure to shift the burden to the Secretary, the overwhelming evidence in the record suggests that Wolfe can perform other work. Wolfe testified before the ALJ that he could "do pretty well with light work." His psychiatric examination report by Dr. Ball, on December 5, 1980, notes that he conducts group therapy sessions for groups of ten people. He also spends time gardening, practicing yoga, and consulting with his investment broker. We thus conclude that notwithstanding the misallocation of the burden of proof, denial of disability was proper as a matter of law on the basis that Wolfe could perform light work.[2]

Affirmed.

---

2. The Secretary arrived at the decision that Wolfe is not disabled by using the five-step sequential evaluation process set forth at 20 C.F.R. § 404.1520. In affirming the result in this case, we do not decide whether the process is one which properly can be used in cases of this type. *See, e.g., McCullough v. Heckler,* 583 F.Supp. 934, 936–939 (N.D.Ill.1984); *Hundreiser v. Heckler,* 582 F.Supp. 1231, 1235–1243 (N.D.Ill. 1984); *Scruggs v. Schweiker,* 559 F.Supp. 100, 103 (M.D.Tenn.1982). *See also Delgado v. Heckler,* 722 F.2d 570 (9th Cir.1983); *Chico v. Schweiker,* 710 F.2d 947, 951–953 (2d Cir.1983); *Johnson v. Heckler,* 100 F.R.D. 70, 71 (N.D.Ill. 1983).