**Edwin OSTER, Plaintiff,**

v.

**Margaret M. HECKLER, Secretary of Health and Human Services, Defendant.**

**Civ. No. A3–84–3.**

United States District Court,
D. North Dakota,
Southeastern Division.

Sept. 25, 1984.

---

Mary Deutsch Schneider, Legal Assistance of North Dakota, Fargo, N.D., for plaintiff.

Rodney S. Webb, U.S. Atty., Fargo, N.D., for defendant.

## MEMORANDUM AND ORDER
## FOR JUDGMENT

BENSON, Chief Judge.

Plaintiff Edwin Oster filed this action in January 1984 seeking review and reversal of a final decision of the Secretary of Health and Human Services which denied him disability benefits under Title II and supplemental security income benefits under Title XVI of the Social Security Act, as amended. The Secretary has moved for summary judgment. Plaintiff resists the Secretary's motion and has moved for reversal. The Secretary resists Plaintiff's motion.

### Background

Plaintiff was born on October 10, 1928. He has a fourth grade education and has had no vocational training. He cannot read, but can write his name and recognize it. Plaintiff's relevant work experience includes work as an egg packer, machine operator and livestock handler.

On July 30, 1982, Plaintiff filed applications for disability benefits and supplemental security income, alleging disability since July 1, 1982, due to a heart condition and emphysema. The applications were denied initially and upon reconsideration. Plaintiff then requested a hearing. At the May 3, 1983 hearing, Plaintiff testified with the assistance of counsel. The administrative law judge considered the case *de novo* and on July 25, 1983, determined that Plaintiff was entitled to disability insurance benefits, the onset date of disability being July 1, 1982, and supplemental security income.

The decision of the administrative law judge was reviewed by the Appeals Council on its own motion. The Appeals Council reversed the administrative law judge and determined that Plaintiff was not entitled to disability insurance benefits or eligible

for supplemental security income. The rationale for the Appeals Council decision was that Plaintiff's impairments were not severe because they did not significantly limit his ability to perform basic work related functions. *See* 20 C.F.R. §§ 404.1520(c) and 404.1521. The Appeals Council decision is the final decision of the Secretary.

### Discussion of Facts and Law

The Secretary arrived at the decision that Plaintiff is not disabled by using the five-step "sequential" evaluation process set forth at 20 C.F.R. § 404.1520. A finding of disabled or not disabled at any step in the process is conclusive and the evaluation proceeds no further. *Id.* § 404.1520(a). The five steps in the sequential evaluation process are as follows: First, a claimant who is currently working is presumptively not disabled regardless of medical condition, age, education or work experience. *Id.* § 404.1520(b). Second, a claimant whose impairments are not "severe" is not disabled regardless of age, education or work experience. *Id.* § 404.1520(c). Third, a claimant whose impairments meet or equal an impairment listed in Appendix 1 of the regulations (the listed impairments) is presumptively disabled regardless of age, education or work experience. *Id.* § 404.-1520(d). Fourth, a claimant whose impairments are severe but do not meet Appendix 1 levels is not disabled if his "residual functional capacity" permits him to do the kinds of work he did in the past. *Id.* § 404.1520(e). Fifth, a claimant with severe but not listed impairments who is unable to do his past work, but retains the residual functional capacity to do other kinds of work, in light of his age, education and work experience, is not disabled. *Id.* § 404.1520(f). A claimant will be found disabled if he cannot do other work in light of his age, education and work experience. *Id.* For use in the fifth step, the Secretary has provided a set of Medical-Vocational Guidelines in Appendix 2 which sorts out all the above variables and determines whether or not there are positions available for the claimant in the national economy, and thus whether or not the claimant is to be considered disabled.

▮ Plaintiff was found not disabled at the second step of the disability determination process when the Appeals Council found that he did not have a severe impairment. A non-severe impairment is defined by the regulations as follows:

(a) *Non-severe impairment.* An impairment is not severe if it does not significantly limit your physical or mental abilities to do basic work activities.

(b) *Basic work activities.* When we talk about basic work activities, we mean the abilities and aptitudes necessary to do most jobs. Examples of these include—

(1) Physical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling;

(2) Capacities for seeing, hearing and speaking;

(3) Understanding, carrying out, and remembering simple instructions;

(4) Use of judgment;

(5) Responding appropriately to supervision, co-workers and usual work situations; and

(6) Dealing with changes in a routine work setting.

20 C.F.R. § 404.1521.

As the administrative law judge held, the record provides strong support for a finding that Plaintiff is disabled if the sequential process is continued through all five steps. Plaintiff's limitations apparently do not meet or equal the listed impairments of Appendix 1 (step 3). However, his residual functional capacity does not permit him to do his past work, thereby meeting the fourth step. Under the Secretary's own Medical-Vocational Guidelines, Appendix 2, Plaintiff would be considered disabled under Rule 201.10 due to his age, education and previous work experience.

Plaintiff argues, *inter alia,* that the sequential evaluation process employed by the Secretary too narrowly construes the Social Security Act because it permits a finding of no disability without regard to vocational factors such as age, education

and work experience. The Eighth Circuit Court of Appeals on at least three occasions has reserved judgment on the validity of the second step in the process. *Wolfe v. Heckler,* 741 F.2d 1084, at 1085 n. 1 (8th Cir.1984); *Smith v. Heckler,* 735 F.2d 312, 315–16 (8th Cir.1984); *McCoy v. Schweiker,* 683 F.2d 1138, 1145 n. 6 (8th Cir.1982). The Eighth Circuit has stated, however, those attacking the Secretary's regulations must make out a strong case of inconsistency with the statute if they are to succeed. *McCoy v. Schweiker,* 683 F.2d at 1143–44. *See also Heckler v. Campbell,* 461 U.S. 458, 103 S.Ct. 1952, 1957, 76 L.Ed.2d 66 (1983) (regulations are to be given legislative effect and should not be overturned unless they are arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law).

Several other courts have, however, considered the validity of 20 C.F.R. § 404.1520. In *Chapman v. Schweiker,* No. 81–1025 (10th Cir. Feb. 26, 1982) and *Hilton v. Schweiker,* No. 81–1139 (10th Cir. Feb. 26, 1982), the Tenth Circuit sustained the validity of section 404.1520(c), but these decisions were by a divided panel and were later withdrawn and remanded to the district court after rehearing *en banc. Chapman v. Schweiker,* No. 81–1025 (10th Cir. Jan. 10, 1983) (order); *Hilton v. Schweiker,* No. 81–1139 (10th Cir. Jan. 10, 1983) (order). The Fifth and Seventh Circuits have simply assumed the validity of the severity requirement. *Lofton v. Schweiker,* 653 F.2d 215 (5th Cir.), *cert. denied,* 454 U.S. 1089, 102 S.Ct. 651, 70 L.Ed.2d 626 (1981); *Wallschlaeger v. Schweiker,* 705 F.2d 191 (7th Cir.1983). In *Goodermote v. Secretary of Health & Human Services,* 690 F.2d 5, 7 (1st Cir.1982), the First Circuit upheld the validity of the five step sequential process, but expressly noted the claimant had not challenged the validity of section 404.1520(c). Several other courts have noted the apparent conflict between the severity requirement and the statutory definition of disability, but have declined to rule on the matter. *See Chico v. Schweiker,* 710 F.2d 947 (2d Cir.1983); *Delgado v. Heckler,* 722 F.2d 570 (9th Cir.1983).

At least one court of appeals and two district courts have, however, given a narrow reading to section 404.1520(c). *See Brady v. Heckler,* 724 F.2d 914, 920 (11th Cir.1984); *McCullough v. Heckler,* 583 F.Supp. 934, 937–38 (N.D.Ill.1984); *Hundreiser v. Heckler,* 582 F.Supp. 1231, 1242 (N.D.Ill.1984); *Trafton v. Heckler,* 575 F.Supp. 742, 745 (D.Me.1983). One district court has deemed section 404.1520(c) to be invalid. *Scruggs v. Schweiker,* 559 F.Supp. 100, 103 (M.D.Tenn.1982).

It is the opinion of this court that in view of the statutory definition of disability, 42 U.S.C. § 423(d), the legislative history surrounding the present five step scheme for determining disability, and existing case law require that section 404.1520(c) be given a narrow interpretation. The court therefore adopts the reasoning in *Brady v. Heckler, McCullough v. Heckler* and *Hundreiser v. Heckler* and holds that the regulation sets forth a purely de minimis requirement, excluding only the class of claimants described in an earlier version of the regulation as having "slight abnormalities." Therefore, an impairment will be considered as not severe only if it is a slight abnormality which has such a minimal effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education or work experience. Under this interpretation of the severity concept it is clear that the Secretary's determination that Oster was not suffering from a severe impairment is not supported by substantial evidence.

At the administrative hearing Oster testified that his back hurts if he lifts too much, sits in a chair that is too low, sits for more than one hour or stands in one position for more than one-half hour. He has poor circulation in his hands and feet and difficulty breathing. He can not walk more than one-half mile or carry firewood without becoming short of breath. Plaintiff stated that in his previous work as an egg packer, dust and ammonia aggravated his breathing problems, and although he

wore a mask, he still had difficulty breathing.

The medical evidence shows that on July 1, 1982, Plaintiff was hospitalized for evaluation of episodic right arm numbness following exertional activities. Cardiac catheterization demonstrated signficant three-vessel coronary artery disease. On July 8, 1982, Plaintiff underwent coronary artery bypass graft surgery. Plaintiff's recovery was complicated by a pneumothorax which was treated with placement of a chest tube. A persistent air leak required further surgery on July 26, 1982. Eventually the air leak ceased and Plaintiff was discharged on August 4, 1982.

Dr. Donald B. Jenny, Plaintiff's treating cardiologist, indicated in a letter dated December 21, 1982, that Plaintiff was stable post operatively, but had significant emphysema which precluded him from work that would expose him to dust or other inhalants.

Pulmonary function tests performed on September 23, 1982 were interpreted as showing a moderate obstructive ventilatory defect. Dr. Browdie, the physician treating Plaintiff's pulmonary impairment, repeated the pulmonary function tests on December 29, 1982. These tests revealed an FEV, of 2.27 liters and an MVV of 87 liters per minute.

Dr. Barrie L. March performed a consultative examination on October 19, 1982. The results indicated Plaintiff suffered from asymptomatic coronary artery disease, chronic obstructive airways disease of undetermined severity, history consistent with an operated bilateral disc incision which had been performed on August 22, 1969, and disc removal performed on September 13, 1977, now asymptomatic, and moderate chest wall pain from the surgery to repair the pneumothorax.

In a letter dated January 7, 1983, Dr. Browdie indicated that it is his impression that Plaintiff's obstructive pulmonary disease is very significant, especially in view of his age, and he was very doubtful that Plaintiff was fit to return to work in the chicken industry in his former capacity. In a statement dated May 2, 1983, Dr. Jenny indicated that he considered Plaintiff's emphysema severe and that due to the emphysema and coronary artery disease, Plaintiff is limited to sedentary work in an environment not exposing him to occupational dust or other inhalants.

An individual who suffers from emphysema coupled with coronary artery disease and back problems is not suffering from a slight abnormality which has such a minimal effect on the individual that it would not be expected to interfere with his ability to work irrespective of his age, education and work experience. Therefore, Plaintiff suffers from a severe impairment. Due to Oster's unquestionable inability to return to his past work in the chicken industry due to dust and ammonia fumes, and the exclusion of other relevant work by the Medical Vocational Guidelines, no other conclusion than that Oster is disabled could possibly be supported by substantial evidence. .

**IT IS ORDERED** that judgment be entered reversing the final decision of the Secretary of Health and Human Services.