Kenneth M. JOHNSON, Plaintiff,

v.

SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant.

No. K84–74 CA.

United States District Court,
W.D. Michigan, S.D.

July 24, 1985.

Kevin P. Burch, Chambers, Steiner, Mazur, Ornstein & Amlin, Kalamazoo, Mich., for plaintiff.

Martin Palus, Asst. U.S. Atty., Grand Rapids, Mich., for defendant.

## OPINION

BENJAMIN F. GIBSON, District Judge.

This is an action pursuant to section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), to review a final decision of the Secretary of Health and Human Services (the Secretary) denying plaintiff's claim for disability insurance benefits.

The final decision of the Secretary is now before the Court for review pursuant to motions for summary judgment filed by both plaintiff and defendant.

Section 205(g) of the Act, *supra*, limits the Court to a review of the administrative record and provides that if the Secretary's decision is supported by substantial evidence it shall be conclusive. The Secretary has found that plaintiff is not disabled within the meaning of the Act. The only issue before the Court is whether or not the decision of the Secretary is supported by substantial evidence. Because this Court concludes that it is not so supported, the Secretary's decision is reversed, and this case shall be remanded for the awarding of benefits.

In determining whether an individual is disabled, the initial burden is on plaintiff to establish that he can no longer engage in his past work. *Hephner v. Mathews*, 574 F.2d 359, 361 (6th Cir.1978); *Garrett v. Finch*, 436 F.2d 15, 18 (6th Cir.1970). Once the plaintiff establishes he can no longer do his past work, the burden shifts to the Secretary to establish that plaintiff, in light of his physical condition "can perform other substantial gainful work, and that there are jobs in the national economy which claimant can perform." *Hephner, supra* at 362; *Montgomery v. Weinberger*, 514 F.2d 1211 (6th Cir.1975).

The Sixth Circuit established, based on administrative regulations which became effective February 26, 1979, that claimants must satisfy four criteria as part of their "prima facie case" in order to successfully shift the burden to the Secretary:

The regulations require that an initial determination be made as to whether the claimant is currently engaged in substantial gainful activity; if so, the claimant is found "not disabled." Second, it is determined if the claimant has a severe impairment—one that significantly limits the ability to perform work-related functions; if not, then on the medical evidence alone the claimant is determined to be not disabled. Third, if a severe impairment is found, the impairment is compared against those listed in Appendix 1, 20 C.F.R. Subpart P, Appendix 1 (1981), to see if, on the medical evidence alone, the claimant can be found to be disabled. Assuming the claimant is not found to be disabled, the fourth step requires inquiry into whether the claimant can perform relevant past work; if so, then the claimant is not disabled.

*Kirk v. Secretary*, 667 F.2d 524, 528 (6th Cir.1981), *cert. denied* 461 U.S. 957, 103 S.Ct. 2428, 77 L.Ed.2d 1315 (1983).

In the present case, the ALJ determined that plaintiff failed to establish that his impairments are severe. Because the Court is of the opinion that the record does not contain substantial evidence to support this decision, it shall be reversed.

Plaintiff, Mr. Kenneth M. Johnson, was born on March 1, 1921 and was 62 years old at the time of the hearing. He has an eighth grade education and worked as a truck driver until February 14, 1983, when he became disabled due to pain in his left knee, diabetes, hypertension, and a cateract

in his right eye. It appears from the plaintiff's testimony that he terminated his employment on that date due to a knee injury occasioned while on the job in 1980. (Tr. 38) The ALJ made no determination as to the exertional requirements of plaintiff's past relevant work, nor of the exertional ability plaintiff retains due to his present impairments. The record does reflect that plaintiff was required to load and unload trucks. (Tr. 23)

Dr. Lindquist treated plaintiff for his knee injury in 1980. In a report dated April 8, 1983, Dr. Lindquist stated that plaintiff had degenerative arthritis in the injured knee. (Tr. 132) This finding is confirmed by Dr. Warren Speers in a report dated March 9, 1983 (Tr. 130) and by Dr. Felipe Regualos, who noted that an x-ray showed "mild degenerative changes" in the knee. (Tr. 135)

The record is replete with clinical documentation of plaintiff's other impairments. Dr. Speers diagnosed plaintiff's diabetes, and notes that plaintiff underwent prostate surgery in 1981. (Tr. 130) He further noted that plaintiff walks with a limp. (Tr. 131) Dr. Lindquist, who treated plaintiff intermittently between 1980 and 1983, also noted plaintiff's "antalgic gait favoring left side." (Tr. 132) Dr. Regualos stated that plaintiff had a diabetic coma in 1981, that he has diabetes mellitus, essential hypertension, and a cateract. (Tr. 134–135).

Despite these consistent medical findings, the ALJ concluded that plaintiff's impairments are not severe. Severity is defined by the Secretary as an "impairment or combination of impairments" which "significantly limit your physical or mental ability to do basic work activities." 20 C.F.R. § 404.1520(c). The regulations go on to give examples of basic work activities the Secretary will consider when determining severity:

  (b) BASIC  WORK  ACTIVITIES. When we talk about basic work activities, we mean the abilities and aptitudes necessary to do most jobs. Examples of these include—

(1) Physical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling;
(2) Capacities for seeing, hearing, and speaking;
(3) Understanding, carrying out, and remembering simple instructions;
(4) Use of judgment;
(5) Responding appropriately to supervision, co-workers and usual work situations; and
(6) Dealing with changes in a routine work setting.
§ 404.1521(b)

If an impairment or combination of impairments is found "not severe," the Secretary "will not consider your age, education, and work experience" in the disability calculus. § 404.1520(c). On its face, this regulation conflicts with the express language of the statute which sets forth factors mandated by Congress for consideration when passing on disability determinations. This statute provides in relevant part that

  an individual ... shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, *considering his age, education, and work experience*, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work. For purposes of the preceding sentence (with respect to any individual), "work which exists in the national economy" means work which exists in significant numbers either in the region where such individual lives or in several regions of the country.

42 U.S.C. § 423(d)(2)(A) (emphasis added).

The apparent conflict between the statute and the severity regulation has caused several district courts to hold it invalid. *Dixon v. Heckler*, 589 F.Supp. 1494 (S.D.N.Y.1984) (granting preliminary injunction prohibiting its application to plaintiff class);

*Glover v. Heckler,* 588 F.Supp. 956 (S.D.N.Y.1984) (reversing ALJ rather than remanding because the record established that had grid been applied, finding of disability would be dictated); *Boiano v. Heckler,* 586 F.Supp. 732 (S.D.N.Y.1984) (stating that the non-severity regulation did not "carry into effect the will of Congress").

 Other courts have noted the conflict between the statute and the severity regulation, and have restricted its application to claims "so groundless that any analysis of the claimant's work experience or residual functional capacity would be a waste of time." *McCullough v. Heckler,* 583 F.Supp. 934, 937 (N.D.Ill.1984) *citing Brady v. Heckler,* 724 F.2d 914 (11th Cir.1984). The court in *Brady* construed the severity regulation as imposing a burden on plaintiff to make a minimal, threshold showing that his condition warrants inquiry into factors other than his impairment itself. Because of the apparent conflict with the legislative intent, that showing should be a *de minimis* one. The *Brady* court posed the required showing this way:

> An impairment can be considered as not severe only if it is a slight abnormality which has such a minimal effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education, or work experience.

724 F.2d at 920.

The severity regulation is a rule of administrative convenience designed to enable the Secretary to "realize the efficiency gains promised by 20 C.F.R. § 404.1520(c) while protecting claimants from a statutorily unwarranted increase in the burden of making a *prima facie* case of disability." *Hundrieser v. Heckler,* 582 F.Supp. 1231, 1243 (N.D.Ill.1984). The courts refusing to apply the regulation have foreclosed the Secretary from realizing the "efficiency gains" accruing to the Secretary's ability to discontinue the inquiry when it is clear a claimant's impairment is slight. This Court is of the opinion that a *de minimis* application of the severity regulation is a preferable rule.

 This Court is of the opinion that the plaintiff here has satisfied the *de minimis* showing under the severity regulation as interpreted by *Brady* and *McCullough.* There is uncontradicted medical evidence that plaintiff developed arthritis in his left knee, as well as a limp. He also had hypertension and diabetes. Although the ALJ need not have considered plaintiff's age for the purpose of applying the grid, he could have—and should have—considered plaintiff's age in determining the severity of his impairments. The above noted injury and illnesses will render a 62-year old man somewhat more severely impaired than a 21 year old.

In any event, the Court finds that the substantial evidence in the record does not show that plaintiff has failed to make a showing that his impairments are not severe. Accordingly, the Secretary's decision is reversed, the plaintiff's motion for summary judgment is granted, the defendant's motion is denied, and this matter is remanded for the awarding of benefits.